*1112-15*

ORIGINAL

NO. 12-14-00069-CR

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

JASON WAYNE FRIZZELL

V.

THE STATE OF TEXAS

---

From Appeal No. 12-14-00069-CR

Trial Cause No. 13-CR-183

Houston County

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Clerk

# TABLE OF CONTENTS

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ground For Review One . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ground For Review Two . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Prayer For Relief . . . . . . . . . . . . . . . . . . . . . . . . . ..11

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . .13

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . ..12

Appendix A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

# INDEX OF AUTHORITIES

United States Court Cases .................................................................

Avery V. Alabama, 308 U.S. 444-446 ..................................................... 9

Almendarez-Torres V. United States, 523 U.S. 224 ............................... 10

Brown V. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982) ....................... 9

Faretta V. California, 422 U.S. 806 (1975) ........................................... 8

Indiana V. Edwards, 554 U.S. 164 (2008) ............................................. 8

Jones V. United States, 119 S.Ct. 1215 (1999) .................................... 10

Mickens V. Taylor, 535 U.S. 162, 166 ................................................. 10

United States V. Cronic, 466 U.S. 648, 653 .......................................... 9

United States V. Fisher, 25 F.Cas 1086 (cc Ohio 184) .......................... 10

United States V. Taylor, 933 F.2d 307 (5th Cir. 1991) .......................... 8

Wheat V. United States, 486 U.S. 153 (1988) ....................................... 8


Texas Court Cases ...................................................................

Chadwick V. State, 309 S.W. 3d 558 (Tex.Crim.App. 2010) ..................... 9

Ex Parte Scott Louis Panetti, WR-37-145 (Tex.Crim.App. 2010) ............. 9

Garcia V. State, 367 S.W. 3d 683 (Tex.Crim.App. 2012) ....................... 11

Lane V. State, 763 S.W. 2d 785 (Tex.Crim.App. 1989) .......................... 11


Constitutions, Criminal Law ......................................................

Criminal Law     ⟶ 641.1 ................................................................. 8

Criminal Law     ⟶ 641.13(1) ........................................................... 8

Prisons          ⟶ 4(13) ................................................................. 8

U.S. Const. Amend 6 ....................................................................... 8

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would be helpful because this case presents novel issues this court has not previously addressed.

## STATEMENT OF CASE

This is a Petition for Discretionary Review upon two submitted issues, of a jury verdict of Guilty and subsequent issuance of a sentence for incarceration to the term of Twenty (20) years, TDCJ-ID.

## PROCEDURAL HISTORY

The subject offense was injury to a child, a Third degree felony as charged by indictment. The indictment did not include any prior convictions for enhancement purposes. At punishment the third degree felony was enhanced to a second degree felony due to a prior felony conviction which was obtained pursuant to a plea agreement on April 19, 2001. The jury reviewed guilt and innocence as well as rendered punishment. The alleged events occured in Houston County, on or about the 14th day of September, 2013. The purported child victim was a relative, who alleged to have been struck in the upper left chest during the course of a heated interaction between his mother and I. No injury, pain or resulting incapacity was evident as a product of the disagreement. I, the petitioner, maintain that the fracas did not entail any injury to the child. After leaving the area, I was later arrested at my mothers residence. During the course of the pendency of the matter, I repeatedly requested reasonable access to a law library and law reference materials. Other than basic statutory manuals, I was not provided research or caselaw materials.

At the day of trial, I was subjected to a Hobson's Choice of waiving my filed speedy trial motion, or going forth to trial without adequate preparation. Trial was conducted without me being able to present a defense to the matter which resuled in a jury verdict of guilty. I requested counsel for the punishment phase of trial, yet due to discard and conflict with appointed counsel, such counsel withdrew from the matter and punishment phase of trial was conducted. I did not tender any evidence, citing 5th Amendment privilege and repeatedly requesting more time for preparation or alternate counsel for assistance. After presentation of a pen packet, exhibiting a prior conviction and argument of the State, without rejoinder by me, the jury rendered a sentence of (20) years, TDCJ-ID. I submit that I did not receive appropriate due process in the conduct of the trial and that such evidence

5

presented was insufficient to support the conviction. I filed a Motion for New Trial on March 5th, 2014 citing numerous points of error in the conduct of the trial. Such points go to the heart of the due process violations alleged in the conduct of the trial.

Appeal Brief was filed on December 31st, 2014 in the 12th Court of Appeals of Texas. On August 5th Conviction and Sentencing was affirmed 2015. Opinion to Affirm by the 12th Court of Appeals of Texas was based in part due to the inaccuracy of state record in cause number 11CR128, in which I was found to be **NOT GUILTY** as a result of waiving court appointed counsel during trial and representing oneself for the last two days of trial. Two attorneys were appointed to the case and after conflict with both, I elected to act pro se and was acquitted on 3-27-2012. Motion for Rehearing was not filed with the Twelfth Court of Appeals.

## ISSUES PRESENTED

**GROUND FOR REVIEW ONE:**

THE COURT OF APPEALS ERRED IN HOLDING THAT THE APPELLANT RECIEVED ADEQUATE DUE PROCESS IN THE CONDUCT OF THE TRIAL.

**GROUND FOR REVIEW TWO:**

THE COURT OF APPEALS ERRED IN HOLDING THAT THE EVIDENCE WAS SUFFICIENT.

7

POINTS, ARGUMENTS AND AUTHORITIES

I.

## THE APPELLANT WAS DENIED ADEQUATE DUE PROCESS IN THE CONDUCT OF THE TRIAL.

As established by the United States Supreme Court, in it's holding in the case of Faretta V. California, 422 U.S. 806 (1975), a criminal defendant does indeed have a U.S. Constitutional right to pursue a defense on his or her own, without the trial court imposing counsel on them. However, the case does not allow that status to be established when defendant is impaired and "unable" to assert an appropriate defense by the absence of legal research materials, an investigator and other appropriate resources as was requested repeatedly in this case. When counsel is either totally absent or is prevented from assisting the accused during a critical stage of the proceedings, then the trial is unfair and reversal of a conviction is mandated, regardless of whether it is or can be shown that the defendant suffered prejudice from the lack of effective assistance of counsel. U.S. V. Taylor, 933 F.2d 307 (5th Cir. 1991). This should also apply where legal research resources or investigatory resources are being requested as in this case. When defendant is free from having counsel imposed on him as established in Faretta while being held in confinement pursuing a defense on his own, then the defendant should be provided access to law books or other tools to assist him in preparing a defense. U.S.C.A. (6) (Prisons ☜ 4(13)). If no actual assistance for the accused defense is provided, the Constitutional guarantee has been violated. U.S.C.A. (6)(Criminal law ☜ 641.1). While criminal trial is not a game in which the participants are expected to enter the ring with a near match in skill, neither is it a sacrifice of unarmed prisoner's to gladiators. (Criminal law ☜641.13(1)), the judiciary has an independent interest in ensuring that criminal trials appear fair to all who observe them and is required by Faretta, must act to maintain that fair balance. Indiana V. Edwards, 554 U.S. 164 (2008); Wheat V. United States, 486 U.S. 153 (1988). As noted by the Opinion of Justice Holcomb and Justice Johnson, in their dissent

8

regarding the Court of Criminal Appeals action on the post conviction writ in Panetti, (WR-37-145-03), concluding that the fairness interest attendant to trial was not met in that case, nor is it met here. Indiana V. Edwards, coupled with the opinion of the Texas Court ofCriminal Appeals, in Chadwick V. State, 309 S.W. 3d 558 (Tex.Crim.App. 2010), which is clearly demonstrated in that the pro se representation, while never the best course of action to pursue, was immensely hampered by the absence of legal research materials and reasonable access to law reference and case law publications. As established in United States V. Cronic 466 U.S. 648,653. Whether a man is innocent cannot be determined from a trial in which denial of counsel has made it impossible to conclude, with any satisfactory degree of certainty that the defendants case was adequate presented. The same applies in this case where the assistance of research materials and reasonable access to law reference and case law publications to prepare a defense was denied. When defendant has a right to refuse counsel, Brown V. Wainwright, 665 F.2d 607,610 (5th Cir.1982), then the court should not attempt to force counsel on defendant as established in Faretta, which could otherwise convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitutions guarantee of the accused right to assistance. The Constitutions guarantee of assistance of counsel cannot be satisfied by mere formal appointment. United States V. Cronic, 466 U.S. 648,653. Avery V. Alabama, 308 U.S. 444, 446. The pro se defendants Constitutional right to assistance is not based on the abandonment of a formal appointment of temporary counsel. Since the right of self-representation entails a waiver of the right to counsel, it cannot be said that a pro se defendant has abandoned his right to prepare his own defense, nor can it be said that a defendant doesn't have a right to do so outside of court attempting to impose counsel on him. The pro se filing of this Petition for Descretionary Review is proof that the defendant has a Constitutional Guarantee to access to law books or other tools to assist him in preparing a defen-

9

se while held in confinement and long after the appointment of counsel is no longer available. The defendant must be able to follow the rules of the court and in this case it's clearly demonstrated that I was not able.

As established in Almendarez-Torres V. United States, 523 U.S. 224, the common law approach to determining elements was the well-established rule that if a statute increased the punishment of a common law crime, whether felony or misdemeanor based on some fact, then that fact must be charged in the indictment in order for the court to impose the increased punishment.

Therefore, facts that trigger such provisions must be charged by indictment, proven beyond a reasonable doubt and submitted to a Jury for its verdict. Jones V. United States, 119 S.Ct 1215 (1999) also citing United States V. Fisher, 25 F.Cas 1086 (cc Ohio 184). There is harm present, in that the conviction as it stands, by virtue of the punishment enhancement applicable, the appellant was subject to a second degree felony punishment range. The Sixth Amendment provides the accused shall enjoy the right...to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him. United States V. Cronic. The state failed to confront the accused with the complainant, Tracy Adams. Mickens V. Taylor, 535 U.S. 162,166. Prejudice presumed where counsel was denied entirely or during a critical state of the proceeding.


## II.

### THE CONVICTION AND RESULTING SENTENCE WERE NOT SUPPORTED BY ADEQUATE EVIDENCE.

This case revolves around the conflicting testimony of my nephew, Jeremy Neil Frizzell Jr., the sum of his testimony is that he was struck during the course of conflict between mother and I. The alleged strike purportedly produced a red mark on his chest, but no other affliction. No medical treatment, lingering pain or injury was resulting from the conflict. Further, the witness did effect a crude writ-

10

ten statement recanting the allegation, which was accompanied by his mother's affidavit of non prosecution. He also recanted the allegation while testifying in cause number 13CCL-124 and in a 40 plus minute taped video interview that followed his testimony in 13CCL-124 (Protective Order Hearing) before trial. Physical impairment, if alleged, must show that there was diminished function of a body organ. Garcia V. State, 367 S.W. 3d 683 (Tex. Crim.App. 2012). As shown in defendant's EXHIBIT (3), Jeremy Frizzell Jr., says he's fine, mother says he's fine. No medical treatment, no impairment, no injury. Lane V. State, 763 S.W. 2d 785 (Tex.Crim.App. 1989). The veracity of the complaining witness was tremendously subject to being put into question in this matter, which is the subject of the prior point of error asserted herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully pray's that this court vacate the verdict and sentence of the trial court, remanding the matter for new trial and such other and further relief as he may show himself deserving, at law and in equity.

## CERTIFICATE OF COMPLIANCE

This is to certify compliance with the Texas Rules of Appellate Procedure in regard to the declaration of the total page count 14 , non exclusive of Appendix material.

_Jason Frizzell_
Pro Se Petitioner

Jason Frizzell 1915199
Gib Lewis(113)
777 Fm 3497
Woodville, Tx 75990

12

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Petition for Discretionary Review has been forwarded via U.S. Mail on _29·AUG-2015_ , to the office of the Houston County Attorney at the following address: 401 E. Houston Avenue, Crockett, Tx 75835 and to the State Prosecuting Attorney at the following address: P.O. Box 12405, Austin, Tx 78711.

_Jason Frizzell_
Pro Se Petitioner

Jason Frizzell 1915199
Gib Lewis(H5)
777 Fm 3497
Woodville, TX 75990

13

APPENDIX A


OPINION OF THE 12th COURT OF APPEALS OF TEXAS



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 5, 2015

NO. 12-14-00069-CR

JASON WAYNE FRIZZELL,
Appellant
V.
THE STATE OF TEXAS,
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 13CR-183)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance.

*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

# NO. 12-14-00069-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *JASON WAYNE FRIZZELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Jason Wayne Frizzell, appeals his conviction for injury to a child. In two issues, Appellant contends that he was denied due process in the conduct of the trial and that the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

On September 13, 2013, Appellant got into an argument with his sister–in-law, Tracy Adams, in the front yard of Rhonda Musik's house. In the course of the argument, Appellant pushed Tracy Adams down. Jeremy Frizzell, Jr., age twelve, saw his mother on the ground beside the road and rushed to her defense. Appellant hit Jeremy with a closed fist, knocking him down, and left the scene.

Deputy Sheriff Lorenzo Simpson arrived at the location in response to a 911 call. On arrival, he found Jeremy crying. Jeremy told Deputy Simpson that his uncle had pushed his mother and hit him. Jeremy had superficial abrasions and bruises to the left upper side of his head. Jeremy had also been hit in the chest knocking his breath from him and causing him to fall to the ground. His knees were scraped, and he suffered minor bruising and discoloration to his back. At trial, Jeremy testified that the blow to his chest left a red mark, which hurt and

temporarily made it difficult to breathe. However, when an ambulance arrived, Jeremy and his mother refused any medical treatment. Appellant was arrested two days later.

At his arraignment, Appellant told the court that he wanted to represent himself. The trial court thoroughly admonished Appellant regarding the dangers of self-representation. The trial court tried repeatedly to impress on him the gravity of his decision to proceed *pro se* and the likelihood that it was a mistake.

Appellant filed pretrial motions for a change of venue, for the appointment of a different judge, and for a speedy trial. At the hearing on the motions, Appellant said that he needed access to a law library in order to prepare his defense. The trial court informed Appellant that a court appointed lawyer would give him access to research materials. Appellant persisted in his refusal to have a court appointed lawyer.[1]

After the jury returned a guilty verdict, Appellant requested the appointment of counsel for the punishment phase of the trial. Court appointed counsel consulted with Appellant on each of the three working days between his appointment and the start of the punishment phase. Immediately before the beginning of the trial on punishment, Appellant told the court that his court appointed counsel was working against him. He requested more time to prepare or another lawyer. He rejected further representation by his court appointed attorney, preferring to represent himself if the court refused to appoint alternate counsel. The trial court denied his request for delay or for the appointment of another lawyer. Appellant declined to testify and offered no evidence. The jury assessed Appellant's punishment at imprisonment for twenty years.[2]

## ACCESS TO LEGAL RESEARCH MATERIALS

In his first issue, Appellant complains that the trial court's denial of access to legal research materials while he represented himself denied him due process of law.

### Applicable Law

"The Sixth Amendment . . . grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562.

---

[1] Appellant's aversion to court appointed counsel is particularly difficult to understand. The record shows that only the year before, Appellant had been represented by court appointed counsel at his trial on another charge and had been acquitted.

[2] Appellant had a prior felony conviction that was used to enhance the third degree felony injury to a child to a second degree felony. *See* TEX. PENAL CODE ANN. §§ 22.04(f); 12.42(a) (West Supp. 2014).

2

Forcing a defendant to accept counsel against his will deprives the defendant of his constitutional right to defend himself. *Id.*, 422 U.S. at 835, 95 S. Ct. at 2541. A defendant electing to waive the right to counsel and represent himself must do so competently and intelligently. *Id.* However, the defendant's technical and legal knowledge is not relevant in determining his competence to waive his right to counsel. *Id.* The defendant's waiver of his right to counsel must be knowing and voluntary. *Id.* The record must show that he was made aware of the dangers and disadvantages of self-representation and that he made that choice "with eyes open." *Id.* Finally, the defendant's decision must be voluntary. *Id.*

In *United States v. Wilson*, 666 F.2d 1241 (9th Cir. 1982), the defendant rejected court appointed counsel, but argued that the Sixth Amendment right to self-representation implies a right of access to legal facilities and materials necessary to prepare his defense. *Id.* at 1244. The court in *Wilson* noted the *Faretta* court's recognition that a defendant who rejects the assistance of counsel necessarily relinquishes many of the benefits associated with representation by counsel. *Id.* at 1245. Availability of court appointed counsel is a constitutionally adequate means of access to research materials. *Id.* "A defendant may not effectively force the Government to provide a particular means of access to the courts by denying the means offered." *Id.*

## Discussion

On each of the several occasions that Appellant complained he required access to a law library to prepare his defense, the trial court informed him that court appointed counsel would provide the access to legal research materials. Each time the trial court reiterated its offer to appoint counsel to represent him, Appellant persisted in rejecting access through an attorney and insisted on being provided a law library.

The *Wilson* court noted that nowhere in *Faretta* did the Supreme Court "suggest that the Sixth Amendment right to self-representation implies further rights to materials, facilities, or investigative or educational resources that might aid self-representation." *Id.* Appellant was not denied due process. Appellant's first issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant maintains the evidence is insufficient to support his conviction.

3

In determining a challenge to the sufficiency of the evidence, the reviewing court must consider all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010).

In order to prove the offense charged in this case, the State was required to establish beyond a reasonable doubt that Appellant intentionally, knowingly, or recklessly by omission caused bodily injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2014). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(a)(8) (West Supp. 2014). The complainant, Jeremy, made a crude written statement accompanied by an affidavit of nonprosecution from his mother, recanting the accusation against his uncle. In his statement, he maintained that his difficulty in breathing after his uncle hit him in the chest was due to an asthma attack. Although a reluctant witness, Jeremy testified at trial that his uncle hit him in the chest knocking him to the ground. He testified that the blow caused pain, left a red mark on his chest, and made it difficult for him to breathe for a period of time.

Deputy Simpson testified that when he arrived on the scene, Jeremy was mad and crying. Jeremy said his uncle had hit him in the chest and knocked him down in the road. Deputy Simpson observed the red mark on Jeremy's chest as well as other minor bruises and abrasions to Jeremy's face, neck, knees, and back apparently sustained in the same incident. Through Deputy Simpson, the State introduced photographs of Jeremy's injuries.

The evidence is sufficient to support the conviction. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.

BILL BASS
Justice

Opinion delivered August 5, 2015.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4

# APPENDIX A
# MOTION FOR NEW TRIAL

State of TEXAS          NO. 13CR-183    IN THE DISTRICT COURT

vs.                                     349TH JUDICIAL DISTRICT

JASON FRIZZELL                          HOUSTON COUNTY, TEXAS

FILED
MAR - 5 2014
12:09 pm
HOUSTON COUNTY, TEXAS

FILED
MAR 1 7 2014
HOUSTON COUNTY, TEXAS

## MOTION FOR NEW TRIAL

Now comes Jason Frizzell, Defendant in the above styled and numbered cause, and files this motion requesting a NEW TRIAL and Ask the court to Grant this motions for the Ground's and Reason's Listed below

1) The DIStrict Attorney, DONNA GORDON KASPAR failed to call the complaining WITNESS TRACY ADAMS to testify.

2) DONNA GORDON KASPAR, DIStrict Attorney representing the STATE OF TEXAS, failed to call or compell the complaining witness TRACY ADAMS to testify before resting

3) The complaing witness TRACY ADAMS filed "2" AFFIDAVIT'S OF NON-PROSECUTION and was never compelled to testify during the Trial by the DIStrict Attorney representing the STATE OF TEXAS, DONNA GORDON KASPAR

4) Defendant, JASON FRIZZELL elected to EXERCISE his CONSTITUTIONAL RIGHT by acting PRO-SE and in doing so the Defendant, JASON FRIZZELL was held In the Houston County Jail with No Access to the Court's. The Defendant was Denied access to a Law Library, Legal Research, or a computer Terminal by both the Houston County Jail and by the 349th Judicial District

court, PAM FOSTER FLETCHER.

5) Defendant was Denied access to a Law Library, Denied access to Legal Research, and Denied access to a computer Terminal which resulted in the Defendant JASON FRIZZELL, not being able to effectively represent him-self, futhermore Defendant Jason Frizzell was left at a unfair advantage by not being able to Access the courts.

6) Defendant feel's that the 349th JUDICIAL DISTRICT court under PAM FOSTER FLETCHER has Violated his 5th Amendment by Twice putting the Defendant JASON FRIZZELL in Jeopardy of Life or Limb by pursuing cause number 13CR-183 after he was first convicted in county court of Law for the same offense in cause number 13CCL-124 which placed him Twice in Jeopardy of being deprived of Liberty, Life, and property without due process of Law.

7) Defendant, Jason Frizzell feel's that he also received a unfair Trial Because the 349th JUDICIAL DISTRICT court under PAM FOSTER FLETCHER failed to (A) speedily bring him to TRIAL, (B) THAT THE Jury was Tainted by Jury selection when a Juror from a previous Trial stood up claiming to have served on a Jury where I was on Trial previousely (C) Defendant JASON FRIZZELL's 6th Amendment was violated because the DISTRICT ATTORNEY'S OFFICE under representation of DONNA GORDON KASPAR failed to confront him with the

complaining witness against him.

8) Defendant feel's that he received a unfair Trial which not only violated his 5th & 6th Amendment's as stated above but that the court of the 349th Judicial District court under PAM Foster Fletch also Violated both his 9th ~~███~~ Amendment RIGHT and Defendants 14th Amendment by denying him access to the court's through Legal research, Law Library, or a computer Terminal while he was acting pro-se. Defendant was Denied Due process of Law and equal protection for reason Listed above in the forgoing motion.

9) DEFENDANT was provided with pictures that had been altered from the one's that the D.A's office submitted into evidence which left me at a unfair advantage. The pictures where tampered with by the DISTRICT ATTORNEY'S OFFICE, DONNA GORDON KASPAR which placed me at a unfair advantage because the pictures had Black, Blue, and RED tint to Indicate injury where there was none.

10) The 349th Judicial District court under PAM FOSTER FLETCHER allowed pictures into evidence that where not taken by a EXpert as the Law requires In chapter 18 Art 18.021.

11) The 349th Judicial District court under PAM FOSTER FLETCHER allowed the

prosecuting Attorney to take controll of a witness who I was questioning questioning, admit a portion of a video into evidence and then allowed me to presume questioning without me ever passing the witness JEREMY FRIZZEII, Jr...

12) I filed a change of venue mainly due to conflict of Interest because of prior unfair ruling's by PAM FOSTER FLETCHER and the motion was ruled on and Denied by PAM FOSTER FLETCHER.

13) I received a unfair Trial because the Judge PAM FOSTER FLETCHER tainted the Jury by Looking at them and Telling them 4-5 Times to do this right because she did'nt want to have to do this again. even told them to PLEASE do it right to be Influential on the Jury to Issue a Guilty Verdict.

14) I was followed around the court room and every where I went which Indicated to the Jury that I was Locked up or guilty.

15) one Juror was a member of the same family as one of the witness that I intended to call.

16) I over heard the Jury Laughing about not having to come back to court to handle the appeal so that it was OK to find me guilty for that reason. I believe this Juror to have been

the same Juror who's family I intended to call as a witness in this case CATHRYN JORDAN.

17) I also observed one Juror WILLIAM BURCH stop and began to talk to the Jailer who was escorting me to the restroom.. As I entered the Restroom I seen WILLIAM BURCH shake the Jailer's hand and ask the Jailer if he remembered him... The Jailer is also related to the alleged victim in the case.. I over heard the same Juror using a profanity word from the Jurry room, the word MFer

18) I feel that I also received a unfair Trial because the 349th JUDICIAL DISTRICT COURT under PAM FOSTER FLETCHER RuFUSED to allow the Jurry to take note's

19) I also Know that PAM FOSTER FLETCHER has had personal relation's and phone conversations with one of my X Girlfriend's mother's "KAREN WARD" who I believe was influential on JUDGE PAM FOSTER FLETCHER which caused her to rule unfairly and Despite the complaining witness not being compelled to Testify By the DISTRICT ATTORNEY OFFICE during Trial which "CLEARLY" VIOLATES my constitutional Right's I strongly believe that this motion will be unfairly ruled on and Denied.

20) The charge of the court does not and did not instruct the Juror's of who's Testimony to believe

or not believe and does not state the name of any witness or the complaining witness TRACY ADAMS who the DISTRICT ATTORNEY, DONNA GORDON KASPAR failed to confront the Defendant JASON FRIZZELL with, by failing to seek the Testimony of complaing witness TRACY ADAMS which did not allow the DEFENDANT JASON FRIZZELL a opportunity to be confronted with the complaining witness or a opportunity to refute such allegation made by the complaining witness TRACY ADAMS which caused me to receive a unfair Trial and which VIOLATED MY UNITED STATES CONSTITUTIONAL RIGHTS. AMENDMENTS 5. AMENDMENT 6 AMENDMENT 9 AND AMENDMENT 14

WHEREFORE, PREMISES CONSIDERED, Jason Frizzell respectfully prays that this court grant this request, and order preparation for NEW TRIAL in this case

Respectfully submitted
JASON FRIZZELL (Defendant)
700 S 4th St
Crockett, TX 75835

By _Jason Frizzell_
Jason Frizzell (Defendant)
700 S 4th St
Crockett, TX 75835

CERTIFICATE OF SERVICE
this is to certify that on March 4, 2014 a true and correct copy of the above and foregoing document was served on the District Attorney's office, Houston county, courthouse Crockett Texas by hand delivery _Jason Frizzell_ JASON FRIZZELL DEFENDANT

# CAUSE NO. 12-14-00069-CR

## IN THE 12th COURT OF APPEALS
## OF TEXAS


## JASON WAYNE FRIZZELL

Appellant,

vs.

## THE STATE OF TEXAS,

Appellee.

---

**APPEALING THE TRIAL COURT VERDICT OF GUILT
AND ISSUANCE OF PUNISHMENT, FROM THE DISTRICT COURT
OF HOUSTON COUNTY, TEXAS
HONORABLE PAM FOSTER FLETCHER, PRESIDING**

---

## APPELLANT'S BRIEF

STEPHEN EVANS
SBN: 06717580

LAW OFFICE OF STEPHEN EVANS
1000 NORTH CHURCH
P.O. BOX 754
PALESTINE, TEXAS 75802
903-723-3334 Fax: 903-723-0124
Email: sevanslaw@aol.com

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

The parties to the trial court's judgment are:

Jason Wayne Frizzell — Defendant

The State of Texas — Prosecution

Trial counsel were:

NONE- DEFENDANT PRO SE — Defense Counsel

Donna Gordon
Houston County D.A. Office
Houston County Courthouse
Crockett, Texas 75835
936-544-3255 — Prosecutor

Appellate counsel are:

Stephen Evans
1000 N. Church
P.O. Box 754
Palestine, Texas 75802
903-723-3334 Fax: 903-723-0124
Email: sevanslaw@aol.com — Appellant

Donna Gordon
Houston County District Attorney's Office
Appellate Section
Address above — State of Texas

i

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Constitutions, Codes and Statutes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Summary of the Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

Notation Glossary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

Points, Arguments, and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Point of Error No. 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Point of Error No. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Compliance   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Appendix A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# INDEX OF AUTHORITIES

## United States Court Cases

Faretta v. California, 422 U.S. 806 (1975)................................................................6

Indiana v. Edwards, 554 U.S. 164 (2008) ..............................................................8

In Re Winship 397 U.S. 358 (1970) .....................................................................12

Jackson v. Virginia, 443 U.S. 307 (1979) .............................................................11

Wheat v. United States, 486 U.S. 153 (1988)........................................................8

## Texas Court Cases

Brooks v. State, PD-0210-09, 2010 WL 3894613 (Tex.Crim.App. 2010)...............11

Chadwick v. State, 309 S.W.3d 558 (Tex.Crim.App. 2010)...................................8

Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996) ....................................11

Ex Parte Scott Louis Panetti, WR-37-145 (Tex.Crim.App. 2010)..........................7

Garcia v. State, 367 S.W.3d 785 (Tex. Crim. App. 2012)....................................10

Green v. State, 14-09-00338, (Tex.App.-Houston [14th] , pet. pending, 2011).......12

Kerr v. State, 83 S.W.3d 832 (Tex.App.-Texarkana, 2002, no pet.).....................19

Lane v.. State, 763 S.W.2d 785 (Tex. Crim. App. 1989). ....................................10

Medley v. Texas, 47 S.W.3d 17 (Tex.App.-Ft.Worth, 2001, pet.ref'd)...................7

Miller v. State, 670 S.W.2d 259 (Tex.Crim.App. 1984)........................................19

## Constitutions, Codes and Statutes

U.S. Const. Amend 6 ...................................................................................12

Tex. Const. Art. V, Sec. 6 ...........................................................................12

Tex. Pen. Code sec. 22.04 (2012) ..............................................................10

Tex. Pen. Code sec. 1.07 (8) (2012)............................................................10

## STATEMENT OF THE CASE

This is a direct appeal, predicated upon two submitted issues, of a jury verdict of Guilty, and subsequent issuance of a sentence for incarceration to the term of Twenty (20) years, TDCJ-ID. All prerequisites of appeal to this Honorable Court have been established, and the Court has jurisdiction to hear the matters submitted for consideration. Appellant is requesting that the court vacate the verdict and sentence, and remand for new trial, or enter verdict of acquittal.

## ISSUES PRESENTED

**POINT OF ERROR ONE:**

THE APPELLANT WAS DENIED ADEQUATE DUE PROCESS IN THE CONDUCT OF THE TRIAL.

**POINT OF ERROR TWO:**

THE EVIDENCE PRESENTED WAS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT THE CONVICTION AND RESULTING SENTENCE.

## STATEMENT OF FACTS

This is an appeal from conviction and sentence issued as a result of jury trial conducted in the Houston County District Court. The Appellant, represented himself pro se. The subject offense was Injury to a Child, which was enhanced at punishment from a third degree felony, to a second degree felony due to prior felony conviction. The jury reviewed guilt and innocence as well as rendered punishment. The alleged events occurred in Houston County, on or about the 14th day of September, 2013. The purported child victim was a relative of the Appellant, who during the course of a heated interaction between the Appellant and the victim's mother, was struck in the chest, and fell to the ground. No significant injury, pain, or resulting incapacity was evident as a product of the disagreement. Appellant maintains that the fracas did not entail any injury to the child. After law enforcement was called to the scene by a nearby relative resident, the Appellant left the area as requested. He was arrested by law enforcement at his mother's residence, some distance away from the incident scene. Appellant during the course of the pendency of the matter, repeatedly requested reasonable access to a law library, and law reference materials. Other than basic

statutory manuals, the Appellant was not provided research or case law materials.

At the day of trial, Appellant was subjected to a Hobson's choice of waiving his filed speedy trial motion, or going forth to trial, without adequate preparation. Trial was conducted, and resulted in a jury verdict of guilty. Appellant requested counsel for the punishment phase of trial, yet due to discord and conflict with appointed counsel, such counsel withdrew from the matter, and the punishment phase of trial was conducted. Appellant did not tender any evidence, citing 5th amendment privilege, and repeatedly requesting more time for preparation or alternate counsel for assistance. After presentation of a pen packet, exhibiting a prior conviction, and argument of the State, without rejoinder by the Appellant, the jury rendered a sentence of 20 years, TDCJ-ID. Appellant submits that he did not receive appropriate due process in the conduct of the trial, and that such evidence presented was insufficient to support the conviction. Appellant filed a Motion for New Trial citing numerous points of error in the conduct of the trial, as shown in Appendix A., attached hereto. Such points go to the heart of the due process violations alleged by the Appellant in the conduct of the trial.

## SUMMARY OF THE ARGUMENTS

**POINT OF ERROR ONE:**

The action of the Appellant in requesting to proceed pro se, and being denied legal research materials was a predicating and significant factor in insuring that appropriate due process was thwarted.

**POINT OF ERROR TWO:**

The evidence presented was insufficient to factually and legally support the conviction rendered and the resulting sentence.

## NOTATION GLOSSARY

R.R. ............................... Reporter's Record

C.R. ............................... Clerk's Record

Vol. 1............................. Master Index

Vol. 2 ............................ Voir Dire (R.R.)

Vol. 3, 4......................... Guilt-Innocence Phase of Trial

(Record) (R.R.)

Vol. 5 ............................ Motions prior to Punishment

Vol. 6 ............................ Punishment Phase of Trial (Record)

Sentencing

Vol. 7 ............................ Exhibits

TDCJ-ID......................... Texas Dept. Of Criminal

Justice-

Institutional Division

x

## POINTS, ARGUMENTS, AND AUTHORITIES

## I.

## THE APPELLANT WAS DENIED ADEQUATE DUE PROCESS IN THE CONDUCT OF THE TRIAL.

As established by the United States Supreme Court, in its holding in the case of *Faretta v. California*, 422 U.S. 806 (1975), a criminal defendant, does indeed have the U.S. Constitutional right to pursue defense on his or her own, without the trial court imposing counsel on them. However, the case does not allow that status to be established on the mere whimsey of a defendant, who is not acting to waive their rights to counsel, in a knowing

and intelligent manner, or is impaired from asserting an appropriate defense by the absence of legal research materials, despite repeated requests as rendered in this case. The impairment is seen in the record in numerous instances, such as where the Appellant reports to be asserting a request for change of venue, wherein the real effort is to effect recusal of the presiding judge. ( R.R. Vol. 2, pg. 9, et. seq.) The Texas Court of Appeals, Fort Worth, reviewed that case's application to Texas trials in *Medley v. Texas*, 47 S.W.3d 17 ( Tex.App.-Ft.Worth, 2001, pet.ref'd.), where a trial court had declined to provide counsel to a defendant that had initially waived counsel, but then began to see the folly of that decision. That court found the refusal of the trial court to reappoint counsel, to be de facto harmful error. The opinion relates...[I]f counsel is either totally absent or is prevented from assisting the accused during a critical stage of the proceedings, then the trial is unfair and reversal of a conviction is mandated, regardless of whether it is or can be shown that the defendant suffered prejudice from the lack of effective assistance of counsel..." *Id.*at pg. 23. This should also apply where legal research resources or investigatory resources are being requested by the Defendant, as is the case here. ( R.R., Vol. 2, Pg. 4) Conduct of defenses by pro se defendants has been the subject of significant litigation in

this State, as evidenced by the numerous holdings in the capital murder case of Scott Louise Panetti. ( Ex., see *Ex Parte Scott Louis Panetti*, WR-37-145, (Tex.Crim.App. 2010). The cited case involves an individual that the trial court permitted to conduct his own defense in a capital murder trial, in Kerrville, Texas. The defendant, presented a horrific series of presentations to the jury, and in the conduct of trial, while dressed in a rhine stone studded cowboy outfit, that made a whole mockery of the integrity of the trial proceeding. What has been portrayed in the text of the voir dire proceeding in the instant case, is not a far departure from that, due to the lack of supporting research and case materials that may have enlightened the Defendant to be able to conduct an appropriate defense. The judiciary has an independent interest in ensuring that criminal trials appear fair to all who observe them, and as required by *Faretta*, must act to maintain that fair balance. *Indiana v. Edwards*, 554 U.S. 164, (2008); *Wheat v. United States*, 486 U.S. 153 (1988). As noted by the opinion of Justice Holcomb and Justice Johnson, in their dissent regarding the Court of Criminal Appeals action on the post conviction writ in *Panetti,* ( WR-37-145-03), concluding that the fairness interest attendant to trial, was not met in that case, nor is it met here. *Indiana v. Edwards*, coupled with the opinion of the Texas Court of

8

Criminal Appeals, in *Chadwick v. State*, 309 S.W.3d 558 (Tex.Crim.App. 2010), which is clearly demonstrated in that the pro se representation effected by the Appellant, while never the best course of action to pursue, was immensely hampered by the absence of legal research materials and reasonable access to law reference and case law publications. Without a doubt there existed significant conflict between the Appellant and the presiding Judge in regard to the conduct of the case, ( R.R. Vol. 2, pg. 10, et.seq.), and the shroud of that conflict in effect obliterated the pursuit of an appropriate defense, most glaringly, the absence of access to legal resource materials, an investigator, and other appropriate resources requested by the Appellant. The Appellant could have waived his speedy trial for that particular court setting, but was not provided that option, and thus was denied the access to adequately prepare a defense to the matter.

The essential sense of fairness, albeit one that was affected by the actions of Appellant, was not served in this instance. New Trial is virtually mandated by the scenario portrayed in this trial record, and Appellant urges this court to vacate the conviction and resulting sentence upon that ground.

## II.

## THE CONVICTION AND RESULTING SENTENCE WERE NOT SUPPORTED BY ADEQUATE EVIDENCE.

The determining factor as to the weight and merit of the evidence presented by the State in the matter of the Injury to a Child case, under Texas Penal Code sec. 22.04 (2012), involves whether the State in fact is able to support that the Defendant did in fact *intentionally, knowingly, recklessly or with criminal negligence by act ...or omission, cause injury to a child,...with bodily injury being the applicable element in this instance.* The specific allegation herein is that the Appellant struck a child, in the chest area, which resulted in bodily injury. The latter is defined by Tex. Pen. Code, sec. 1.07 (8), ( 2012), which presents a meaning that *bodily injury is composed of physical pain, illness, or any impairment of physical condition.* Mere offensive touching does not rise to the level required of the penal code in support of a conviction. *Lane v. State,* 763 S.W.2d 785 (Tex.Crim.App. 1989). Physical impairment, if alleged, *must,* show that there was diminished function of a bodily organ. *Garcia v. State,* 367 S.W.3d 683 (Tex.Crim.App. 2012). This case revolves around the conflicting testimony of the subject child in this matter. Jeremy Neil Frizzell, Jr., the nephew of the Appellant. ( R.R. Vol. 3, pg. 135-252). The sum of his testimony is that he was struck by the Appellant during the course of conflict between Appellant and his mother. The strike purportedly

10

produced a red mark on his chest, but no other affliction. No medical treatment, lingering pain or injury was resulting from the conflict. Further, the witness did effect a crude written statement recanting the allegation, which was accompanied by his mother's affidavit of non prosecution. ( C.R.) The veracity of the complaining witness was tremendously subject to being put into question in this matter, but was hampered by the limited resources of the Appellant in conducting his defense, and which is the subject of the prior point of error asserted herein.

Established long term precedent for review of factual sufficiency of the elements of the offense has been provided by the Court of Criminal Appeals in *Clewis v. State,* 922 S.W.2d 126, 129. ( Tex.Crim.App. 1996). In that holding, the Court held that while the trial court verdict has the benefit of a presumption that there was sufficient evidence to support its finding, such presumption may be overcome with consideration of the testimony of the witnesses, and existence of alternative hypothesis. *Clewis, supra,* 133. However, the Texas Court of Criminal Appeals, in its holding styled, *Brooks v. State*, PD-0210-09, 2010 WL 3894613, ( Tex. Crim. App., 2010), has purported, by plurality opinion, vitiated the use of *Clewis* as binding precedent in the definition of the review process. Nevertheless, the *Brooks* holding does maintain that the reviewing court still should conduct a review in accord with 6th Amendment Constitutional solemnities in assuring that the verdict of the trial court is in fact adequately supported by sufficient evidence and does not present an affront to due process, citing *Jackson v. Virginia,* 443 U.S. 307

11

(1979), as the cornerstone precedent. There, the Supreme Court established a standard of review that was predicated upon whether a rational trier of fact would conclude that the evidence was sufficient beyond a reasonable doubt to support the finding of guilt, further citing additional precedent of *In Re Winship*, 397 U.S. 358, (1970), reflecting that the review process as established by Jackson, was an essential aspect of the protections afforded by both the 6th Amend. U.S. Const., and the 14th Amend. U.S. Const. Further, the *Brooks*, opinion appears to work in direct contrast with the directives of art. V, sec. 6, of the Texas Constitution in regard to preservation of appropriate due process, and appellate review of the sufficiency evaluation in determining whether there is in fact adequate evidentiary and legal support for a conviction. This contrast has been recently review by the 14th Houston Court of Appeals in, *Green v. State*, 14-09-00338, ( August 12, 2011), ( pet. pending). Appellant would assert that the appropriate degree of appellate review would include both a factual sufficiency, as well as legal sufficiency basis as originally outlined in *Clewis*. Given that degree of review, Appellant would submit that the court should find that the evidence as applied to the legal and constitutional standards is deficient, and thus the conviction should be vacated, and the matter remanded. Harm is present, in that the conviction as it stands, by virtue of the punishment enhancements applicable, ( R.R. Vol.4, Pg. 5, et.seq.), the Appellant was subject to a second degree felony punishment range.

12

This case and is the direct result of a conviction predicated upon the presented evidence, affronts the Constitutional adequacy insured by the due process provisions of the U.S. and Texas Constitutions as recited herein.

In sum, the totality of the circumstances presented during the trial shows that the testimony of the state's witnesses involved does not have sufficient evidentiary impact to demonstrate a specific intent to evade arrest or detention or to manifest sufficiency to support the verdict of the trial court nor the resulting sentence issued thereafter. In that regard, Appellant requests that the Appeals Court enter order vacating the verdicts and sentence issued by the trial court and direct entry of acquittal.

## *PRAYER*

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court vacate the verdict and sentence of the trial court, remanding the matter for new trial, and for such other and further relief as he may show himself deserving, at law and in equity.

13

Respectfully submitted,


/s/ *Stephen Evans*

STEPHEN EVANS
LAW OFFICE OF STEPHEN EVANS
1000 NORTH CHURCH
P.O. BOX 754
PALESTINE, TEXAS 75802
903-723-3334 FAX: 903-723-0124
SBN: 06717580
Email: sevanslaw@aol.com
ATTORNEY FOR APPELLANT

14

# CERTIFICATE OF COMPLIANCE

This is to certify compliance with the Texas Rules of Appellate Procedure in regard to the declaration of the total word count in the foregoing brief, being composed of   2796      words in its text, non exclusive of appendix material.

/s/   *Stephen Evans*

Stephen Evans

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief has been forwarded via electronic email attachment delivery, to the office of the Houston County Attorney, on the 31st day of December, 2014.

/s/ Stephen Evans

_____

STEPHEN EVANS

U.S. POSTAGE
PAID
DEER PARK, TX
77536
AUG 29,15
AMOUNT
**$10.15**
R2304H107768-09

78701

UNITED STATES
POSTAL SERVICE®

1004

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7015 0640 0000 2733 1920

Court of Criminal Appeals
201 West 14th ST.
Room 106 Tx, 78701
Austin.

Jason Frizzell #1915199
G.B Lewis High Security
777 Fm 3497
Woodville, Tx 75990

7015 0640 0000 2733 1920

Scotc
SUPER STR