

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0250-09 & PD-0251-09

**CLAUDE WAYNE CHADWICK, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TOM GREEN COUNTY

**KEASLER, J., delivered the unanimous opinion of the Court.**

### O P I N I O N

Claude Wayne Chadwick complained on appeal that the trial judge improperly refused to allow him to proceed *pro se* after his competency to stand trial was restored.[1] The Third Court of Appeals affirmed the trial judge's ruling.[2] Chadwick now argues that the court of appeals erred in its application of the United States Supreme Court's recent decision in

---

[1] *See* TEX. PENAL CODE ANN. §§ 22.01(b)(1), 38.14(b) (Vernon 2003).

[2] *Chadwick v. State*, 277 S.W.3d 99, 102-03 (Tex. App.—Austin 2009).

*Indiana v. Edwards*[3] and by implying findings of fact supporting the trial judge's ruling. We disagree and affirm the court of appeals's judgment.

## Background

Chadwick was charged with assault on a public servant and attempting to take a weapon from a peace officer. The trial judge found that Chadwick was incompetent to stand trial and ordered Chadwick to be committed to a state hospital. When Chadwick's competency was restored approximately two and a half years later, he was transferred back to the county's custody and brought to trial. At trial, Chadwick asserted his right to self-representation, but the judge denied his request. Chadwick was represented by appointed counsel at trial. The jury found Chadwick guilty of both offenses and assessed his punishment at fifty and twenty years' confinement, respectively.

## Court of Appeals

The Third Court of Appeals affirmed the trial judge's ruling.[4] Citing *Indiana v. Edwards*, the court held that the trial judge "could have reasonably concluded that Chadwick was not competent to represent himself and that, if he had been allowed to do so, he would not have been able to receive a fair trial."[5] The court further held that there was sufficient evidence in the record to support the trial judge's finding that Chadwick was incompetent to

[3] 128 S. Ct. 2379 (2008).

[4] *Chadwick*, 277 S.W.3d at 107.

[5] *Id*. at 104-05.

represent himself.[6]

## Law

In 1960, the United States Supreme Court decided *Dusky v. United States*, in which it defined the constitutional standard for competence to stand trial: "[1] whether [the accused] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and [2] whether he has a rational as well as factual understanding of the proceedings against him."[7] Fifteen years later, in *Faretta v. California*, the Court considered whether a defendant in a state criminal trial has a constitutional right to proceed *pro se* when the defendant voluntarily and intelligently elects to do so.[8] The Court concluded that the Sixth and Fourteenth Amendments to the federal Constitution prohibit the State from "hal[ing] a person into its criminal courts and there forc[ing] a lawyer upon him, even when he insists that he wants to conduct his own defense."[9] And in 1993, the Court held that the standard for waiving the right to counsel is no higher than for competency to stand trial in *Godinez v. Moran*.[10]

Less than two years ago, in *Indiana v. Edwards*, the Court built on *Dusky*, *Faretta*,

---

[6]  *Id*. at 104.

[7]  362 U.S. 402, 402.

[8]  422 U.S. 806, 807 (1975).

[9]  *Id*.

[10]  *Godinez v. Moran*, 509 U.S. 389, 399 (1993).

and *Godinez*. In *Edwards*, the Court considered the issue now before us—whether the federal Constitution requires a state trial judge to allow a mentally ill defendant, upon request, to proceed *pro se* at trial.[11] The Court noted that it had not addressed the "relation of the mental competence standard to the right of self-representation" in its previous cases.[12] Ultimately, the Court recognized a "mental-illness-related limitation on the scope of the self-representation right."[13] It held that

> the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.[14]

In reaching this conclusion, the Court took into account the erratic character of mental illness and determined that "the trial judge . . . will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant."[15]

---

[11]  128 S. Ct. at 2383.

[12]  *Id.*

[13]  *Id.* at 2384.

[14]  *Id.* at 2388.

[15]  *Id.* at 2387.

In deciding *Edwards*, the Court specifically declined to overrule *Faretta*.[16] It also declined to adopt the more specific standard proposed by Indiana, stating that such a standard would "deny a criminal defendant the right to represent himself at trial where the defendant cannot communicate coherently with the court or a jury."[17] The Court held "only that the lack of mental competence can under some circumstances form a basis for denying the right to proceed *pro se*."[18]

As the Supreme Court noted in *Edwards*, the trial judge is in the best position to make the decision of whether a mentally ill defendant is competent to proceed *pro se*.[19] Accordingly, since this is a mixed question of law and fact that turns on an evaluation of credibility and demeanor, we review the trial judge's ruling for an abuse of discretion.[20] We afford almost total deference to a trial judge's rulings on mixed questions of law and fact when the resolution of the issue turns on an evaluation of credibility and demeanor.[21] We view the evidence in the light most favorable to the trial judge's ruling.[22] And we will imply

---

[16] *Id*. at 2388.

[17] *Id*.

[18] *Id*. at 2394 (Scalia, J., dissenting).

[19] *Id*. at 2387.

[20] *See id*. at 2387-88; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[21] *Guzman*, 955 S.W.2d at 89.

[22] *Id*.

any findings of fact supported by the evidence and necessary to support the trial judge's ruling when the judge failed to make explicit findings.[23]

**Analysis**

Chadwick mounts a two-part challenge to the court of appeals's analysis. First, Chadwick argues that the court of appeals's holding is "tantamount to holding that *Indiana v. Edwards* overruled *Faretta v. California*." Second, Chadwick argues that the court of appeals erred by implying findings of fact that he was not competent to represent himself. He argues that the evidence did not support such a finding that he was incompetent to represent himself.

We conclude that the court of appeals did not err. As noted above, the court did not hold that *Edwards* overruled *Faretta*. To the contrary, the court noted at the outset *Faretta*'s rule that defendants have a right of self-representation.[24] The court then correctly observed that *Edwards* controlled the case, and that under *Edwards*, the individual States may insist that a defendant who is competent to stand trial—but incompetent to conduct his or her own defense—be represented by counsel.[25]

Chadwick's argument—that the trial judge erred by refusing to allow him to represent himself because the judge did not enter a finding of fact that he was incompetent to do so—

---

[23] *See id.*; *cf. Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007).

[24] *Chadwick*, 277 S.W.3d at 103.

[25] *Id.* at 104.

is also without merit. As noted above, the law requires appellate courts to imply any findings of fact supported by the evidence and necessary to uphold the trial judge's ruling if they are not contrary to any specific factfindings.[26] Chadwick presents no authority to the contrary. The evidence in this case supported implied findings of fact that Chadwick's mental illness was severe enough to render him incompetent to proceed *pro se*, even though the trial judge deemed competent him to stand trial.

The trial judge held a pretrial hearing on August 28, 2007. In addition to his own motions, Chadwick's counsel adopted Chadwick's *pro se* motions. During the course of the hearing, Chadwick interrupted his attorney several times. Chadwick objected several times, even as the judge granted the motions filed by his attorney. After several interruptions, the judge told Chadwick to let his attorney speak for him.

At the end of the pretrial hearing on August 28th, Chadwick, apparently dissatisfied with the hearing, asked the judge, "Would it be inappropriate to curse you with every Israeli curse there is?" Chadwick's counsel advised him that it would be. Chadwick ignored the advice and stated, "May Yaweh curse you till the end and may I put an eternal indictment on you and I will prosecute you to eternity."

On September 10th, the day trial was to begin, Chadwick refused to come to court. The judge, the prosecutor, and Chadwick's attorney engaged in a lengthy debate over how to proceed in Chadwick's absence. Chadwick eventually came without incident, but only

---

[26] *See Guzman*, 955 S.W.2d at 89; *cf. Gutierrez*, 221 S.W.3d at 687.

after he was permitted to make a video in the county jail documenting various grievances. Once in the courtroom, Chadwick immediately asserted his right to represent himself. He then engaged in a rambling monologue in which he launched personal attacks on the prosecutor, the judge, the bailiffs, judges from prior cases, and his attorney. The trial judge denied Chadwick's request to represent himself, noting on the docket sheet that he "could not properly conduct trial with Defendant representing himself."

The court of appeals observed that, in addition to the trial judge's observations of Chadwick's conduct in the courtroom, there were several incoherent *pro se* written motions. Some were filed before Chadwick's competency was restored, and therefore, unless re-urged after he was found competent, would not be indicative of his ability to represent himself. But in this case, Chadwick did request that his attorney adopt the motions; they may therefore be considered to support the conclusion of the trial judge.[27]

Given the evidence in the record of Chadwick's behavior before the trial judge, his refusal to come to court the first day of trial, and the incoherent *pro se* motions, and viewing the evidence in the light most favorable to the trial judge's ruling, we conclude that the judge did not abuse his discretion. We further hold that the court of appeals did not err in implying findings of fact supporting the trial judge's decision to deny Chadwick's request to represent himself.[28]

---

[27] *See Edwards*, 128 S. Ct. at 2387.

[28] *See Guzman*, 955 S.W.2d at 89; *cf. Gutierrez*, 221 S.W.3d at 687.

**Conclusion**

We conclude that the trial judge's ruling was not an abuse of discretion, and that the court of appeals did not err in implying findings of fact supporting the judge's ruling. We therefore affirm the judgment of the court of appeals.

DATE DELIVERED: May 5, 2010
PUBLISH: