

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00131-CR

MELISSA JEAN POOL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 2015-0550-CR2

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Melissa Jean Pool stood accused of the offense of interference with public duties[1] in McLennan County[2] and was determined to represent herself. During pretrial proceedings, the trial court struggled to appropriately move the case toward trial, notwithstanding Pool's self-representation, and the State opined to the trial court that Pool was "not competent to represent herself." In response, the court appointed stand-by counsel for Pool's jury trial. From her conviction and sentence of thirty days' confinement, Pool urges two issues, both revolving around her self-representation. We affirm the judgment of the trial court because we conclude that (1) finding Pool mentally competent to represent herself, with help from stand-by counsel, was within the trial court's discretion and (2) the record supports the trial court's acceptance of Pool's counsel waiver.

*(1)*      *Finding Pool Mentally Competent to Represent Herself, with Help from Stand-By Counsel, Was Within the Trial Court's Discretion*

On appeal, Pool contends that she was mentally incompetent to represent herself and that, therefore, the trial court erred in allowing her to represent herself at trial. She cites her behavior while in the trial court and comments from the State's attorney opining that she was incompetent to represent herself. Yet, the discussion at the trial court was, not her mental condition, but her lack of legal training and ability, in other words, her practical incompetence.

---

[1]*See* TEX. PENAL CODE ANN. § 38.15 (West Supp. 2015).

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Pool claims to have made numerous statements indicating both her lack of understanding of the charges against her and her lack of mental competence to handle her representation. To support that claim, she points to various questions and comments she uttered during the proceedings.

Pool asked the trial court a few questions concerning the meaning of the charge against her. She claims not to have understood the prosecutor's role in the case and points to her statement that she, Pool, was a "common law prosecutor litigant" in the case. After being told twice that she was the defendant in the case, she asked, "I am pursuing this case so I will also be prosecuting?"

At one particular pretrial hearing, held June 25, 2015, the week before trial, the State's attorney expressed the opinion to the trial court that Pool was "incompetent to represent herself." He explained that, in his opinion, she did not understand the criminal law, the Texas Code of Criminal Procedure, the Texas Rules of Evidence, or the charges against her. In response, Pool agreed to accept stand-by counsel, but not full representation. The court appointed a stand-by counsel, who assisted from time to time during trial. In fairness, we reiterate that the incompetency the State's attorney was discussing was, not mental incompetency, but practical incompetency stemming from a lack of education and training in legal matters. That point was made clear when Pool took exception to the State's initial reference to her "incompetency," and the trial court explained that the State's intent was to opine on Pool's lack of legal acumen, not her mental ability. The State confirmed the point.

When a criminal defendant acts pro se, he or she gives up many benefits derived from counsel. *Faretta v. California*, 422 U.S. 806, 835 (1975). The law recognizes that there can be a

3

"gray-area defendant," that is, one who is mentally competent enough to stand trial, but not competent enough to meet the higher standard necessary for self-representation. *Indiana v. Edwards*, 554 U.S. 164, 173–74 (2008) (citing *Godinez v. Moran*, 509 U.S. 389 (1993)). Therefore, a State may insist that some marginally mentally competent defendants be represented by counsel. *Id.*

We give substantial deference to the trial court's ruling on whether a defendant is mentally competent to represent himself or herself in the face of an alleged or apparent mental illness. *Id.* at 177; *Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010). Because the decision is a mixed question of law and fact turning on the trial court's evaluation of credibility and demeanor, it is reviewed for an abuse of discretion. *Chadwick*, 309 S.W.3d at 561; *see Edwards*, 554 U.S. at 177. We are to view the evidence in a light most favorable to the trial court's ruling and will infer facts supported by the evidence and necessary to support its ruling when there are no explicit findings. *Chadwick*, 309 S.W.3d at 561.

Our review of the record reveals that the trial court's decision to appoint stand-by counsel and proceed with trial on that basis was within the court's discretion. While there were some instances in which Pool's responses seemed inappropriate, the trial court could have reasonably interpreted them as either evidence, not of any mental disability of Pool, but of her lack of legal training, her lack of cooperativeness, her "game-playing," or some combination of those—none of which are foreign to the arena of pro se criminal defense. The vast majority of Pool's responses in this record were appropriate and suggested both her intelligence and her grip on reality.

4

We conclude that the trial court's proceeding with this case with Pool acting pro se, with the assistance of stand-by counsel, was correct, or at least was within the trial court's considerable discretion.

*(2)     The Record Supports the Trial Court's Acceptance of Pool's Counsel Waiver*

Pool also claims that the trial court's admonishments concerning self-representation were inadequate and that, therefore, her waiver of counsel was not effective.

Although all criminal defendants have the right to the assistance of counsel, mentally competent ones also have the right to proceed without counsel voluntarily, so long as that choice is knowing and intelligent. *Edwards*, 554 U.S. at 170; *Faretta*, 422 U.S. at 807; *see* U.S. CONST. amends. VI, XIV, § 1. In the trial court's attempt to determine whether a particular defendant's choice is voluntary and intelligent, there is no required litany of questions to be posed in every instance. *Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988). Before a waiver is approved, it must be established that the defendant knows that there are practical disadvantages in self-representation and that he or she will be charged with responsibility of navigating technical rules of evidence and procedure as a lawyer would be. *Id.* at 279. To assess whether a particular waiver of counsel is knowing, intelligent, and voluntary and thus effective, courts will consider the totality of the circumstances, including the defendant's background, experience, and conduct. *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008).

Here, Pool made it clear from the beginning of the case that she wished to represent herself. At a special pretrial hearing, the trial court engaged Pool in a dialogue in an attempt to see if she was knowingly and intelligently waiving her right to be represented by counsel and, instead,

5

choosing to represent herself. The court addressed Pool's understanding of the charge against her, her understanding of the range of punishment, her understanding of her right to representation, her understanding of her right to appointment of counsel if she were indigent, her college-level education, her lack of legal work experience, and her understanding that an attorney has considerable education and testing. The court also inquired into her understanding that she, as a non-lawyer, would nonetheless be held to the same standards as a lawyer. That is where Pool's responses temporarily derailed the court's efforts to complete the admonishments concerning the dangers of self-representation. Pool first used inappropriate terms, to which comments the trial court firmly charged her that the proceedings would hold to the common terms for the parties, including Pool's role as defendant, not prosecutor. Then Pool intelligently addressed the fact that court papers incorrectly named her. After fully covering the name problem, and correcting it, the trial court returned briefly to the issue at hand, waiver of counsel, and concluded that Pool's signing the written waiver of counsel was intelligently and voluntarily made.

There were also a number of other encounters between Pool and the trial court, during which the court was able to observe her not insubstantial intelligence level, her definite and volitional behavior, and her consistent insistence on self-representation.

On this record, we cannot conclude that the trial court erred in finding Pool's waiver of counsel knowing and intelligent.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 11, 2016
Date Decided:       April 14, 2016

Do Not Publish