**Affirmed and Memorandum Opinion filed August 1, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00217-CR

**CECIL MAX-GEORGE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1475788**

## M E M O R A N D U M    O P I N I O N

Appellant Cecil Max-George appeals from a conviction for assault of a public servant. *See* Tex. Penal Code Ann. § 22.01 (West 2011). Appellant raises two issues on appeal. In his first issue, appellant asserts the trial court abused its discretion when it denied his request to represent himself. We overrule this issue because the record supports the trial court's finding that appellant could not represent himself without being intentionally disruptive to the court proceedings.

Appellant argues in his second issue that the trial court abused its discretion when it removed him from the courtroom during much of his trial, thereby violating his constitutional and statutory rights to be present during his trial. We overrule this issue because the trial court removed appellant from the courtroom only after he failed to heed her warning that he would be removed if his disruptive behavior continued, and he was allowed to return once he indicated he was prepared to proceed without further disruptions. We therefore affirm the trial court's judgment.

### BACKGROUND[1]

Appellant was driving Russell Jones, a co-worker, away from a job site in appellant's pick-up truck when the automated license plate reader on Houston Police Officer Chase Myrick's patrol car indicated there were warrants connected to the pick-up's license plate. Officer Myrick pulled appellant over. Officer Myrick and his partner that day, Officer Daniel Duval, approached the pick-up. As Officer Myrick approached the driver's side door, appellant started swearing and demanding to know why he had been pulled over. Officer Myrick asked appellant to calm down, but appellant continued to curse and scream at him. Despite the screaming and cursing, Myrick was able to verify that appellant was the person named in the warrants. After appellant refused to get out of the pick-up when asked to do so, the officers returned to their patrol vehicle and called for back-up.

Three police officers responded to Officer Myrick's request. One, Officer Luke Matthews, then approached appellant again. Despite Matthews's request that everyone remain calm, appellant continued screaming and cursing. At this point, Jones asked if he could get out of the pick-up and the police allowed him to do so.

---

[1] Because appellant has not challenged the sufficiency of the evidence supporting his conviction, we provide only those facts necessary to address and resolve appellant's issues on appeal.

Officer Matthews then opened the driver's door and attempted to place handcuffs on appellant. Appellant knocked Matthews's hand away and then grabbed Matthews by the vest. A struggle ensued as the officers removed appellant from the pick-up, put him on the ground, and handcuffed him. During that struggle, two of the officers were injured.

Appellant was charged with assault of a public servant. The trial court appointed defense counsel for appellant and his case was eventually called to trial. On the morning trial was scheduled to begin, appellant informed the trial court that he wished to waive his right to counsel and represent himself. The trial court held a *Faretta*[2] hearing to determine whether appellant was able to represent himself.

From the start of the *Faretta* hearing, appellant disrupted the proceeding by continually interrupting the judge. Appellant continued to be disruptive despite the judge's repeated warnings to stop interrupting and to listen to what she was trying to say. When appellant did not correct his behavior, the trial judge indicated on the record that this was not the first time appellant had been disruptive in court. The trial judge noted that appellant had been calling his defense attorney names and, during a previous court setting, had become so unruly that it became necessary for the judge to have him removed from the courtroom "because you cussed out your lawyer in open court." The judge stated that she had previously warned appellant off the record that he would be held in contempt of court if he continued to be disruptive, and she warned him again on the record. During the *Faretta* hearing, appellant used inappropriate language, argued with the trial judge regarding his past behavior, and claimed that he had been treated unfairly when representing himself in a previous criminal matter.

---

[2] *Faretta v. Cal.*, 422 U.S. 806, 807 (1975).

At the conclusion of the hearing, the trial judge expressed her belief, based on her past experience with appellant as well as his behavior during the *Faretta* hearing, that he would continue to be disruptive during trial. As a result, the judge found that appellant could not represent himself without disrupting the orderly trial of the case. Appellant continued to argue with the court's ruling even after the judge announced that her decision was final. Among other things, appellant: claimed the trial judge had not allowed him to speak; claimed he was unaware he was going to trial that day, although his counsel represented to the trial court that he had explained this to appellant; continuously disputed everything the trial judge and his defense counsel said; and repeatedly asked that everything be put "on the record" despite having been informed that the court reporter was present and recording the proceedings. The trial judge concluded the hearing and told appellant that there was an "issue with your willingness to either listen or understand and that's also a concern for me in your representing yourself." At that point, the court recessed until after lunch, when voir dire was to begin.

After the lunch recess, while the prospective jury panel was entering the courtroom, appellant caused a disturbance, demanding once again to represent himself and claiming that defense counsel was threatening him. The trial judge called appellant to the bench, where she stated that "the bailiff was bringing the jury into the courtroom and [appellant] continued to disrupt the Court, continued to speak in a loud voice in front of the jury." The judge once again warned appellant that she would hold him in contempt if he continued to disrupt the proceedings. The trial judge also warned appellant that if he continued to be disruptive, she would have to put him in a holdover cell and make arrangements for him to listen to his trial from there. While still at the bench, appellant again asserted his right to represent himself and said that his attorney was threatening him. The judge responded that she saw

4

what had happened and defense counsel did not threaten appellant. While at the bench, appellant repeatedly interrupted the judge and, as the judge put it, "continue[d] to antagonize this situation." Appellant continued to argue that he wanted to represent himself. He also told the trial judge several times that if allowed to represent himself, he was not ready to proceed to trial. The trial judge again told appellant that, based on his behavior and everything she had heard, she would not let him represent himself. Voir dire began, and despite numerous disruptions by appellant, a jury was selected.

The next day, appellant was arraigned and the State made its opening statement. Defense counsel then announced that he would reserve his right to make an opening statement. At that point, appellant interrupted the proceedings by again demanding to represent himself and stating that he wanted to make an opening statement. Appellant refused to sit down when the trial judge asked him repeatedly to do so, and he stated that "the jury needs to hear exactly what's going on here." At that point, the judge had the jury removed from the courtroom and spoke directly with appellant. As before, appellant continued to interrupt the judge. Appellant then said that if his actions were considered an outburst, "then please hold me in contempt of Court." Instead, the trial judge ordered the bailiff to remove appellant from the courtroom. The judge asked defense counsel to speak to appellant and let him know that "I'm happy to have him come back in the courtroom but I can't do it if we are going to continue this behavior."

After a short recess, appellant was brought back into the courtroom to speak to the judge one more time about his behavior. The judge attempted to get a commitment from appellant that he would follow the rules and make no further outbursts in court. Appellant refused to make this commitment. He then proceeded to argue with the trial judge. Finally, the trial judge ruled that given appellant's

5

repeated outbursts in front of the jury, in addition to his yelling at the bailiffs and refusing to follow their orders, appellant had "disrupted the orderly proceeding of this trial and he will remain in the holdover." Arrangements were made so that appellant could hear the trial proceedings. The trial judge also informed appellant's defense counsel that he would have time to confer with appellant before cross-examination of the witnesses. The judge expressed regret that she had to remove appellant from the courtroom and let defense counsel know that "if at some point your client agrees that he can follow the rules of the courtroom, I am happy to let him back in. I would love for him to come back."

After the State's first witness testified on direct, the court took a brief recess so defense counsel could confer with appellant. The trial judge also asked counsel to "[p]lease let us know if [appellant's] stance has changed in regard to joining us in the trial so we can make that happen, okay?" Appellant remained outside the courtroom until it was his turn to testify. After appellant's testimony, defense counsel asked the court to allow appellant to remain in the courtroom for the remainder of the trial because appellant had told him "that he feels that he can control himself and that he will not subject the Court, the jury, or anyone else to any further outbursts. . . ." The trial judge then allowed appellant to return, explaining:

> I told you numerous times yesterday, because I asked whether or not he was prepared to follow the courtroom rules and that he could come back at any time. I know yesterday that you continually told me you had concerns about that. So, as long as that happens.

Appellant remained in the courtroom for the remainder of his trial. Appellant made it through closing arguments in the guilt/innocence phase of his trial without interruption, but he did interrupt a witness testifying during the punishment stage of trial, causing the trial court to reprimand him. The jury found appellant guilty and sentenced him to serve fifteen years in prison. This appeal followed.

6

## I. The trial court did not abuse its discretion when it denied appellant's request for self-representation.

Appellant argues in his first issue that the trial court abused its discretion when it denied his request for self-representation. The Sixth Amendment right of an accused in a criminal proceeding to effective assistance of counsel extends to the States through the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 342–44 (1963); *see* U.S. Const., amends. VI, XIV. The Supreme Court has also found in the Sixth Amendment an independent constitutional right of an accused to conduct his own defense. *Faretta*, 422 U.S. at 819–20. The Court held that it is for the accused personally to decide whether assistance of counsel in his particular case is to his advantage, and his choice must be honored out of respect for the individual even if that choice ultimately may be to his own detriment. *Id.* at 834. To be constitutionally effective, the waiver of counsel must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily. *Fletcher v. State*, 474 S.W.3d 389, 395 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Although courts must respect a competent defendant's knowing and voluntary choice to represent himself, the defendant, in the exercise of the right of self-representation, must respect the "dignity of the courtroom." *Faretta*, 422 U.S. at 834 n. 46. The State's "'interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.'" *Lewis v. State*, No. 14-14-00779-CR, 2016 WL 93760, *4 (Tex. App.—Houston [14th Dist.] Jan. 7, 2016, pet. ref'd) (quoting *Martinez v. Court of Appeals of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000)). Therefore, trial courts have discretion to deny a request for self-representation by a defendant who intentionally engages in serious obstructionist behavior or abuses the dignity of the courtroom. *Id.*

Because a decision to deny a request for self-representation based on a defendant's deliberately obstructionist behavior turns on an evaluation of credibility and demeanor, we afford almost total deference to that decision. *Id.*

The trial court found that appellant could not represent himself without disrupting the trial and denied his request for self-representation as a result. We view the evidence in the light most favorable to this ruling and, in the absence of explicit findings, we will imply findings of fact necessary to support the ruling if they are supported by the record. *Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010).

The record, summarized above, contains repeated instances of appellant's disruptive and obstructionist behavior. It also includes numerous representations by appellant to the trial court that, if he was allowed to represent himself, he would not be ready to start trial that day. We conclude the record supports an implied finding by the trial court that appellant's behavior was a deliberate and intentional effort at disrupting and obstructing the trial process and not regular delays normally encountered when a defendant chooses to represent himself. *See id.* at 563; *Lewis*, 2016 WL 93760, at *4–6. We therefore hold that the trial court did not abuse its discretion when it denied appellant's request for self-representation. We overrule appellant's first issue.

## II. The trial court did not abuse its discretion when it removed appellant from the courtroom for a portion of his trial.

In his second issue, appellant asserts that the trial court abused its discretion when it had him removed from the courtroom for a significant portion of his trial. According to appellant, this action by the trial court violated his right to be present during trial under the United States and Texas Constitutions as well as his statutory right to be present during trial under article 33.03 of the Texas Code of Criminal

Procedure.[3]

A criminal defendant may lose his right to be present during trial if, after being warned by the trial judge that he will be removed if he continues his disruptive behavior, he continues to conduct himself "in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Kessel v. State*, 161 S.W.3d 40, 45 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (quoting *Illinois v. Allen,* 397 U.S. 337, 343 (1970)). Trial judges have discretion to address stubbornly disruptive defendants, and that discretion includes removal from the courtroom when the defendant's behavior is of "an extreme and aggravated nature." *Id.* (quoting *Allen,* 397 U.S. at 346). We review a trial court's decision to remove a defendant from the courtroom for an abuse of discretion. *Id.* at 44.

Appellant, despite repeated disruptions, was present during the entire *Faretta* hearing as well as the complete voir dire. The trial court warned appellant during this first day of his trial that if he continued to disrupt the trial proceedings, he would be removed from the courtroom and listen to the trial in a holdover cell.

Appellant was also present for his arraignment and the State's opening statement when his trial resumed the next day. Appellant once again interrupted the proceedings when his attorney deferred making an opening statement. When appellant refused to listen to the trial court's orders to sit down, the trial court had the jury removed from the courtroom. Appellant continued to argue with the trial

---

[3] Because appellant has not provided any explanation or authority for construing the Texas Constitution or the Code of Criminal Procedure as conferring greater protection in this area of the law than the United States Constitution, we do not separately address his state constitutional and statutory arguments. *Vasquez v. State*, 324 S.W.3d 912, 918 n.4 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

judge after the jury left the courtroom. Appellant kept insisting that he was asserting his right to self-representation. At that point, the trial judge ordered appellant removed from the courtroom. The judge allowed appellant's defense counsel to talk to appellant about what he needed to do to return to the courtroom.

Appellant was brought back into the courtroom after a recess. With the jury still absent, the trial court warned appellant:

> All right Mr. Max-George. Yesterday we discussed the fact that if you were going to make outbursts in the courtroom, the Court would not be able to allow you to stay in the courtroom, as much as I want you to be here for your trial. It's not helping you and you can't help your lawyer if you're standing up yelling and not responding to the Court. So, it's really up to you, sir, as to whether you think that you can maintain control and go forward without making any outbursts. It's a very simple yes-or-no question. Can you stay in the courtroom and follow the rules that all of the other participants are required to follow?

Rather than answer the judge's question, appellant continued to argue. The judge then ordered appellant removed to a holding cell where he would be able to listen to his trial. The judge informed appellant's attorney that he would be allowed to speak with appellant regarding cross-examination and other trial matters. The judge also informed appellant's attorney that appellant would be allowed back into the courtroom when he agreed that he could follow the rules.

Faced with appellant's continued disruptions of the trial proceedings after having been warned they would result in his removal from the courtroom, as well as appellant's refusal to answer whether he would stop his misconduct, we conclude that the trial court did not abuse its discretion when it ordered appellant removed from the courtroom. *See Allen*, 397 U.S. at 346 (finding nothing unconstitutional about removing defendant from courtroom after "he was repeatedly warned by the trial judge that he would be removed from the courtroom if he persisted in his unruly

10

conduct"); *George v. State*, 446 S.W.3d 490, 502 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (concluding trial court did not violate defendant's constitutional and statutory rights to be present for trial when, after repeated warnings, it had defendant removed from courtroom for disruptive behavior); *Ramirez v. State*, 76 S.W.3d 121, 130 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd ) ("As the trial court lacked reason to believe appellant's misbehavior would cease, appellant's expulsion was not constitutionally improper."). We overrule appellant's second issue.

## CONCLUSION

Having overruled both of appellant's issues on appeal, we affirm the trial court's judgment.

/s/    J. Brett Busby
       Justice

Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

11