In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00124-CR
NO. 09-18-00125-CR
_____

**ARTAVIAS CHOVAN COLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 17-26949, 17-26950**

**OPINION**

The Sixth Amendment allows a criminal defendant to represent himself at trial.[1] The right to choose (or to reject) counsel is a personal right. And the defendant's choice must be honored.[2]

_____

[1] U.S. Const. amends. VI, XIV, § 1.

[2] *See McCoy v. Louisiana*, 138 S.Ct. 1500, 1507 (2018).

1

That said, an individual's right to elect to represent himself is not absolute. When appropriate, a trial court may refuse a defendant's election to represent himself.[3] But when the defendant elects to proceed without the benefit of counsel, the trial court *may not* require the defendant to be represented at trial by counsel merely because the court believes the defendant does not have the legal training needed to conduct his defense.[4]

Here, the record shows the trial court did just that. As a result, we must reverse the defendant's convictions and award the defendant new trials in trial court cause numbers 17-26949 and 17-26950.

## Background

Because we resolve the appeal on the self-representation issue, we limit the background to the facts relevant to that issue. In March 2017, a grand jury indicted Artavias Chovan Cole[5] for committing two aggravated robberies.[6] The cases were assigned cause numbers 17-26949 and 17-26950, and they were consolidated for

---

[3] *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

[4] *Id.* at 835.

[5] The record shows that Artavias Chovan Cole is also known as Telismar Semien, Joseph Carrier, Marcus Dean, and Elmo Willard.

[6] *See* Tex. Penal Code Ann. § 29.03(a)(2).

2

trial. In the pretrial proceedings, the trial court appointed the first of what would later be three attorneys to represent Cole in the cases. At an April 2017 pretrial hearing, Cole told the trial court he did not want the first attorney to represent him in his case. The trial court agreed and replaced Cole's first attorney with someone else.

In August 2017, the trial court conducted another pretrial hearing. In that hearing, Cole's second attorney told the court that Cole wanted to represent himself. According to the attorney, Cole could "do a better job himself on presenting his . . . rather novel defense." Then, the trial court determined Cole was not familiar with the Rules of Evidence, told Cole he needed a lawyer, and explained to Cole he was facing charges that, if they resulted in conviction, the convictions could lead to two life sentences. The court informed Cole that "only the foolish" represent themselves, and in the court's experience, they lose "every time."

Then, Cole's second attorney summed up his views regarding why Cole desired to represent himself. He explained: "Mr. Cole's position is the only way that he can be assured that the proper defense is conveyed [] is that if he does it himself and that, really, there isn't any lawyer that would be able to competently represent him because he needs to make these arguments himself and he can do that with a standby counsel[.]"

After that, the trial court explained why it felt it was not in Cole's interest to represent himself. The court said: "[I]f you want this thing heard in the appropriate fashion, you need a lawyer to guide you; and you can get your voice heard. But if you don't know how to do it, you can sit there and I'll say, [s]orry. You are not doing it in the correct way. You can't be heard."

Cole persisted, however, and he told the court that his second attorney had "done nothing." At that point, the court asked Cole if he wanted another attorney. Cole responded: "Yeah. I would take another one." The trial court granted the request, appointing Cole's third attorney in his cases.

On the morning of Cole's trial in March 2019, the trial court heard Cole's pretrial motions. In the hearing, Cole asked to speak to the court. But the court told Cole if he had something to say, he needed to "go through the attorney." At that point, Cole's third attorney explained he and Cole could not agree on some matters and that Cole wanted another lawyer. The trial court responded, stating that Cole's third attorney was competent. Then, the trial court and Cole engaged in the following discussion:

[COLE]: I don't want him as my lawyer.

THE COURT: We are going to be trying this case on Monday.

[COLE]: I don't want him as my lawyer.

4

THE COURT: I'm resetting until Monday, okay? Anything else.

[COLE]: So, you're going to make me have him as my lawyer if I'm saying I want to fire my lawyer? Then I want to fire my lawyer.

THE COURT: Then you can represent yourself.

. . .

THE COURT: Only one person can talk at one time for the court reporter who by law must take down everything in this courtroom. [The third attorney] is your attorney or you can represent yourself.

[COLE]: I guess I'm going to have to do that then.

THE COURT: Well, really? Well, you know what is said? Only a fool does that.

[COLE]: Well, I'm going to have to be that fool, sir.

THE COURT: In 40 years, everyone who has tried that, everyone in my 40 years of extensive trial work, has failed miserably.

[COLE]: Okay. Now, I understand that but at the same time --

THE COURT: [Cole] if you want to represent yourself, that's fine. [The third attorney] will be appointed though to sit next to you; and if you need to refer to anything, fine. You will follow the Code of Criminal Procedure. You will follow the Rules of Evidence. You will follow The Penal Code and all other codes. Now, maybe you're up to that --

[COLE]: Can we start now?

THE COURT: -- but that's not the way it works.

[COLE]: Can we start now?

THE COURT: Doing what?

5

[COLE]: Following the Code of Criminal Procedure.

THE COURT: We're in recess. You're not going to sit there and insult this Court, sir. We'll see you-all Monday.

[THE THIRD ATTORNEY]: Are we – is he representing himself?

THE COURT: If he wants to, fine. I'll ask you to sit next to him and we will follow the rules and we will move forward.

Although Cole at that point represented himself, the court and Cole's standby counsel agreed to select the jury that day and to start the guilt-innocence phase of Cole's trial two days later.

At that point, Cole asked if he could go to the law library to prepare his defense. The trial court then reversed course. To explain why, the court told Cole [t]hat's why [your third attorney] is going to continue to represent you because that is in your best interest[.] You don't have a clue about the rules and the proceedings, and that would only devastate any chance you have."

The parties completed jury selection that afternoon. Two days later, the guilt-innocence phase of Cole's trial began. Cole's third attorney represented Cole in the trial, and the jury found Cole guilty of simple—not aggravated—robbery in cause

numbers 17-26949 and 17-26950. When the punishment phase of the trial ended, the jury gave Cole a twenty-five-year sentence in each case.[7]

In his appeal, Cole asks for new trials in cause numbers 17-16949 and 17-26950. Cole directs his main complaint in his brief to the trial court's decision denying Cole the right to represent himself.[8]

Standard of Review

We review a trial court's decision denying a defendant's right to represent himself under an abuse-of-discretion standard.[9] Under that standard, we view the evidence in the light most favorable to the trial court's ruling. When, as here, the trial court has not provided the parties with written findings, we imply whatever findings that we can reasonably imply from the evidence to support the trial court's ruling.[10]

---

[7] A conviction for robbery is a second-degree felony. *See id.* § 29.02. Cole's indictments, however, include an enhancement paragraph alleging he had a previous conviction for the crime of deadly conduct, a felony. *See id.* § 22.05(b). The jury found the respective enhancement paragraphs to be true, enhancing the range of punishment in Cole's cases to the range that applies to first-degree felonies. *See id.* § 12.42(b).

[8] *See* U.S. Const. amend. VI.

[9] *See Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010) (reviewing whether the defendant was competent to conduct his own defense).

[10] *See id.*

A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles.[11] If the record shows the trial court abused its discretion by refusing to honor a defendant's decision to represent himself, the error is structural, not subject to harmless error review, and requires the appellate court to reverse the judgment.[12]

Analysis

In *Faretta*, the U.S. Supreme Court recognized that a criminal defendant has a constitutional right to conduct his own defense if the defendant has voluntarily, knowingly, and intelligently elected to do so.[13] The Faretta Court explained it "is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts."[14] But the "right to defend is personal."[15] According to the United States Supreme Court, "forcing a lawyer upon

---

[11] *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

[12] *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless.").

[13] *Faretta*, 422 U.S. at 835-36; *see* U.S. CONST. amends. VI, XIV, § 1.

[14] *Faretta*, 422 U.S. at 834.

an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so."[16]

When the defendant elects to represent himself, he necessarily waives his right to assistance of counsel.[17] And due to the consequences likely to result from the election, *Faretta* requires trial courts to conduct an inquiry and determine whether the defendant is voluntarily, knowingly, and intelligently waiving his right to counsel.[18] When the defendant clearly and unequivocally invokes his right to represent himself, the trial court must inform the defendant of the disadvantages and dangers of proceeding without counsel.[19] This inquiry is required so the record shows the defendant "knows what he is doing" and making the choice with his "eyes open."[20]

Generally, when the defendant voluntarily and intelligently waives his right to counsel after being admonished about the danger and disadvantages of doing so,

---

[15] *Id.*

[16] *Id.* at 817.

[17] *Id.* at 835; *Austin v. Davis*, 876 F.3d 757, 764 (5th Cir. 2017).

[18] *Faretta*, 422 U.S. at 835.

[19] *Id.*

[20] *Id.* (cleaned up).

the trial court must honor the defendant's choice.[21] And no set formula or script exists for trial courts to follow when admonishing the defendant about the dangers of representing himself. Nonetheless, the trial court must take an active role when assessing if the defendant made a voluntary, knowing, and intelligent decision to waive counsel.[22]

Exceptions exist to the general rule requiring trial courts to honor a defendant's election to represent himself. The State argues that two of those apply here. According to the State, the trial court might have found in the hearing that Cole made a conscious effort to delay and obstruct the proceedings by invoking his right. Second, the State claims the trial court might have found that Cole suffered from a severe mental illness, which made him incapable of representing himself.

---

[21] *Faretta*, 422 U.S. at 835-36; *Burgess v. State*, 816 S.W.2d 424, 428-31 (Tex. Crim. App. 1991).

[22] *Blankenship v. State*, 673 S.W.2d 578, 583 ("While *Faretta* does not mandate an inquiry concerning appellant's age, education, background or previous mental health history in every instance where an accused expresses a desire to represent himself, the record must contain proper admonishments concerning pro se representation and any necessary inquiries of the defendant so that the trial court may make an assessment of his knowing exercise of the right to defend himself.") (cleaned up).

Certainly, trial courts may deny a defendant the right to represent himself if the request is conditional, untimely, or represents a calculated attempt to delay or obstruct the proceedings.[23] Such requests may also be denied when the defendant is suffering from a severe mental illness.[24] Nonetheless, when faced with a defendant who clearly invoked his right, the request cannot be denied based on the defendant's lack of the legal education or training needed for the defendant to act as his own lawyer.[25]

When the defendant has made an informed choice, the decision must be honored even if honoring the decision will likely work against the defendant's best interests.[26] And the trial court must defer to a defendant's election, if valid, even though the defendant's decision will cause inconvenience that maybe somewhat

---

[23] *Faretta*, 422 U.S. at 834 n.46; *Blankenship*, 673 S.W.2d at 584-85.

[24] *Indiana v. Edwards*, 554 U.S. 164, 178 (2008); *Chadwick*, 309 S.W.3d at 562-63.

[25] *Faretta*, 422 U.S. at 835; *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989).

[26] *Faretta*, 422 U.S. at 834 ("[A]lthough a defendant may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law.") (cleaned up); *Scarbrough*, 777 S.W.2d at 92 ("While the choice must be knowingly and intelligently made, it need not be wise. Indeed, the accused must be permitted to conduct his own defense ultimately to his own detriment, if that is his informed decision.") (cleaned up).

11

disruptive of the trial. As long as the inconvenience and disruption do not represent a calculated effort to obstruct the trial, the fact that some inconvenience will result is insufficient to allow a trial court to reject a defendant's valid election of his right.[27]

In its brief, the State concedes Cole made a clear and unequivocal election to represent himself. Cole's election was timely—he made it before the jury was selected in his case.[28] Initially, the trial court granted Cole's request. But when Cole asked the trial court if he could go to the law library to prepare a defense, the trial court reversed course.[29] Explaining why, the trial court told Cole that having counsel was in his best interest because his lack of knowledge would "devastate any chance you have." The transcript from the hearing does not reflect the trial court rejected

---

[27] *Scarbrough*, 777 S.W.2d at 92.

[28] *McDuff v. State*, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997) ("An accused's right to self-representation must be asserted in a timely manner, namely, before the jury is impaneled.").

[29] Although the State did argue that the defendant conditioned his decision to represent himself on being given access to the law library, the record does not show that Cole did so to prevent the trial court from proceeding with jury selection that day. Had the trial court thought Cole was attempting to delay jury selection, it could have explained that the court wanted to select a jury that day and discussed with Cole whether he would have access to the law library before the guilt-innocence phase of his trial began two days later. Or the trial court could have simply asked Cole if he wanted to represent himself even though the court intended to reject his request for the court's assistance to gain access to the law library. *See, e.g.*, *Scarbrough*, 777 S.W.2d at 93-94; *Blankenship*, 673 S.W.2d at 584-85.

Cole's election over its concern that Cole was intentionally trying to delay or obstruct his trial. And when Cole tried to explain his position to the court, the court cut him off.

Under the circumstances shown in this record, the trial court could not rely on Cole's lack of technical legal knowledge to reject Cole's decision to represent himself.[30] Nor was the trial court entitled to rely on its own view of what, more likely than not, was in Cole's best interest.[31] Had Cole's choice been honored, we acknowledge the trial court's view would likely have proven to be correct. But it was not for the trial court (or this Court) to judge whether Cole would be better served by the trial court forcing him to be represented by counsel in his trial.[32]

The State also cites no authorities that are based on a record like the one before us here. The State argues that the circumstances surrounding Cole's election are like those in *Lewis v. State*.[33] But in *Lewis*, the trial court expressly found that Lewis was being confrontational, obstructive, and sought to raise issues irrelevant to his case.[34]

---

[30] *See Faretta*, 422 U.S. at 835.

[31] *Id.* at 834.

[32] *Id.*; *Scarbrough*, 777 S.W.2d at 92.

[33] 532 S.W.3d 423 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd.).

[34] *Id*. at 432.

We do not have a similar finding here. And the record does not support an implied finding that Cole intentionally elected the right to represent himself to obstruct his trial. In *Lewis,* Lewis repeatedly asked the trial court address him as "Paramount Security Interest Holder of all Property Collateral Belonging to the Defendant."[35] And Lewis insisted he did not understand the charges against him even after the trial court read them aloud.[36] The record from Lewis's trial also demonstrates that Lewis was disruptive in trial, but the record in this case does not. And Cole never denied that he understood the charges or severity of the punishment he faced if convicted.

There is also nothing in the record to suggest the trial court could have reasonably found that Cole suffered from a severe mental illness that interfered with his ability to make a voluntary, intelligent and knowing choice. Cole gave the court responsive answers when questioned in court. Here, the record simply shows that Cole and his attorney could not agree on whether it was in Cole's interest to present what the attorney believed to be a meritless defense. But Cole's right to present his defense was a choice that was personal, and regardless of whether the defense had any merit, Cole had the right to pursue it in his trial. Earlier in the proceedings, the

---

[35] *Id*. at 428.

[36] *Id*.

trial court appointed a psychiatrist who, after evaluating Cole, concluded that Cole was competent to stand trial. No one questioned Cole's competency the morning the parties selected a jury in his case. And the Court never mentioned in the hearing that the court thought Cole to be mentally ill.

Importantly, the trial court's decision recognizing Cole's third attorney as standby counsel implies the trial court thought Cole made a voluntary, knowing, and intelligent election to represent himself and that he was not mentally ill. The trial court only revoked its decision when Cole asked if he could go to the law library to prepare his defense. But the trial court did so without determining if Cole was making a conditional waiver of counsel. That is, whether Cole wanted to represent himself only if the trial court first allowed him to go to the law library before the trial began. Moreover, the court never stated it decided to reverse course because the court believed Cole was intentionally attempting to delay or disrupt his trial. Instead, the record shows that the court expressed concern over Cole's chances without the benefit of counsel, explaining that Cole needed counsel if he wanted to have any chance whatsoever in his trial.

In conclusion, the record shows the trial court denied Cole the right to represent himself based on the court's concern about Cole's lack of legal training and knowledge to present meritorious defenses in his trial. But refusing an election

for that reason was an abuse of discretion.[37] We sustain Cole's first issue in each of his appeals.

## Conclusion

We hold the trial court abused its discretion by denying Cole's election to represent himself at trial. The trial court's judgments in cause numbers 17-26949 and 17-26950 are reversed. The cases are remanded to the trial court for further proceedings consistent with the opinion.[38]

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on January 29, 2019
Opinion Delivered November 13, 2019
Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

_____

[37] *See Faretta*, 422 U.S. at 835, *Scarbrough*, 777 S.W.2d at 92.

[38] We need not reach Cole's other issue, common to both appeals, complaining that the trial court erred by assessing costs twice when the two causes were consolidated for trial. Because reviewing this issue would afford Cole no greater relief than the relief we have granted, we need not address the issue complaining of costs. *See* Tex. R. App. P. 47.1.