

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-79,153-05, WR-79,153-06, & WR-79,153-07

### EX PARTE CLAUDE WAYNE CHADWICK, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. A-04-0991-S-W-2, A-04-0990-S-W-2, & A-04-0990-S-W-3
### IN THE 51ST DISTRICT COURT
### FROM TOM GREEN COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

## CONCURRING OPINION

Applicant was convicted in 2007 of attempting to take a weapon from a peace officer and assault on a public servant. He was sentenced to twenty years' and fifty years' imprisonment, respectively, to run concurrently. The Third Court of Appeals affirmed his convictions in 2009. *Chadwick v. State*, 277 S.W.3d 99 (Tex. App.—Austin 2009), aff'd, 309 S.W.3d 558 (Tex. Crim. App. 2010).

In 2021, Applicant filed these applications for writs of habeas corpus in the county of conviction. In them, he alleges that his trial and appellate counsel were ineffective, that the trial judges were biased and engaged in judicial misconduct, and that he was incompetent to stand trial. TEX. CODE CRIM. PROC. art. 11.07.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's order doing so. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2007, but these writ applications were not filed until over thirteen (13) years later.[1] The record is silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

FILED:                                      March 2, 2022
DO NOT PUBLISH

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).