**Edward Mike JI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05-09-00659-CR, 05-09-00660-CR.**

Court of Appeals of Texas,
Dallas.

July 23, 2010.

David Waddill, Waddill Skinner, L.L.P., McKinney, TX, for Appellant.

John R. Roach, Sr., District Attorney, Andrea L. Westerfield, Assistant District Attorney, McKinney, TX, for State.

Before Justices BRIDGES, FITZGERALD, and FILLMORE.

## OPINION

Opinion By Justice FITZGERALD.

A jury found appellant Edward Mike Ji guilty of deadly conduct and attempted capital murder. Judge Quay Parker, who presided over Ji's trial, sentenced him to ten years' imprisonment and to life imprisonment, respectively, for the two offenses. In a single appellate issue, Ji complains he was denied his Sixth Amendment right to conduct his own defense. We affirm.

Before voir dire proceedings began, Ji requested to represent himself at trial. He told Judge Parker he did not feel he needed the assistance of a lawyer. In response to the judge's questioning, Ji conceded he did not know much about the rules of evidence or procedure. The judge explained the seriousness of the charges against Ji and told him the punishment range he faced included life in prison and a $10,000 fine. The judge emphasized Ji's appointed counsel's excellent reputation and abilities and ultimately denied Ji's request.

Ji had represented himself for a short time earlier in the proceedings. When his retained attorney withdrew, Ji sought permission to represent himself. Judge Robert Dry was assigned to Ji's case at that time. Judge Dry granted Ji's request and appointed stand-by counsel for him. However, during this same time period, Ji's treating psychiatrist, Dr. Xiaoyan Wu, wrote two letters to Judge Dry expressing her concern that Ji—although initially stabilized—had begun to refuse his anti-psychotic medications. Dr. Wu explained she had diagnosed Ji with schizophrenia, paranoid type, and she could not predict when he would have future psychotic episodes. She further explained that, in her treatment of Ji, he had admitted to her that he did not always understand his court proceedings. She stated it was her opinion that Ji was unable to represent himself in court.

The State then moved for a psychiatric evaluation of Ji to determine whether he was competent to stand trial. Judge Dry granted the motion. He appointed Ji's stand-by counsel, David Haynes, to represent him during any related proceedings and appointed Dr. J. Randall Price to perform the psychiatric evaluation. A jury

trial was held to decide the question of Ji's competency to stand trial. At that trial, Dr. Wu testified concerning her treatment of Ji. She offered her opinion that he was neither competent to stand trial nor competent to represent himself. Dr. Price also testified at the competency trial. Based on his evaluation, Dr. Price opined that Ji was competent to stand trial. However, when asked whether Ji was able to represent himself, Dr. Price responded: "I—I don't think it's a good idea.... I don't think it would be a good idea at all. Um, no." The jury concluded Ji was competent to stand trial.

Shortly thereafter, Judge Dry sent a letter to Ji and Haynes, which stated:

> The Supreme Court has determined that there is one standard of competency to stand trial and a different standard of competency to represent one's self in trial. The jury found Mr. Ji competent to stand trial.
>
> Dr. Wu has determined that Mr. Ji is not competent to represent himself in court. No expert opinion disagrees with her opinion.
>
> The Court rules that Mr. Ji is not competent to represent himself in court and will be represented by David Haynes through trial.

This letter, then, was the initial ruling against Ji's conducting his own defense.

The United States Supreme Court recently held the Constitution permits judges "to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." *Indiana v. Edwards*, 554 U.S. 164, 128 S.Ct. 2379, 2387–88, 171 L.Ed.2d 345 (2008). Thus, states may require representation by counsel for defendants who are competent to

stand trial but who suffer from severe mental illness such that they are not competent to conduct trial proceedings by themselves. *Id.* at 2388. A trial judge's decision not to allow a defendant to represent himself in court is a mixed question of law and fact, which we review for an abuse of discretion. *Chadwick v. State*, 309 S.W.3d 558, 561 (Tex.Crim.App.2010). We afford almost total deference to the trial judge's rulings that turn on an evaluation of credibility and demeanor. *Id.* We view the evidence in the light most favorable to the trial judge's ruling. *Id.* And we will imply any findings of fact supported by the evidence and necessary to support the ruling when the judge made no explicit findings of fact. *Id.*

Ji argues Judge Parker did not specifically find him incompetent, mentally or otherwise, to represent himself at trial. Ji points to their exchange before voir dire and contends it is not clear what the judge's reason was for denying his request to represent himself. He further contends there was no evidence he would have been disruptive to the proceedings or would have behaved in an aggressive manner that would have been harmful to his own defense.

The reasoning supporting the judges' rulings, however, is not limited to this brief oral exchange. After presiding at the competency hearing, Judge Dry conveyed his initial ruling in writing and gave his reasons for it: Ji's treating psychiatrist had given her undisputed expert opinion that Ji was incapable of representing himself in court. Judge Parker had access to Ji's entire case file, and he could reasonably rely on Judge Dry's reasoning as well as the matters he cited on the eve of trial.[1] Trial judges who preside over a

---

1. Judge Dry made his ruling, based on Dr.     Wu's uncontradicted expert opinion, on De-

defendant's competency hearing or trial will often prove best able to make mental capacity decisions that are tailored to the individualized circumstances of that particular defendant. *See Edwards,* 128 S.Ct. at 2387. In this case, both of those judges agreed Ji could not represent himself in court. We are required to imply any findings of fact supported by the evidence and necessary to uphold the trial judges' rulings in this case. *See Chadwick,* 309 S.W.3d at 562. Undisputed expert testimony in this case supports an implied finding of fact that Ji's mental illness was severe enough to render him incompetent to represent himself at trial. *See id.*

We discern no abuse of discretion in either of the trial judges' rulings. We overrule Ji's issue and affirm both judgments.

cember 12, 2008. Judge Parker made his ruling as trial began on March 30, 2009. Nothing in the record indicates Ji's mental condition had changed during the time between rulings.