**Affirmed and Opinion Filed August 1, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00352-CR

**ADAM HARRIS MILLIGAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81830-2016**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Francis

Adam Harris Milligan appeals his convictions by a jury for two aggravated sexual assaults and one attempted aggravated sexual assault. The jury set punishment at 40 years in prison for each aggravated sexual assault offense and 20 years for the attempted aggravated sexual assault offense. In two issues, appellant contends the trial court violated his constitutional rights by denying his request to dismiss his counsel and represent himself at trial. We affirm the trial court's judgment.

Appellant was indicted for multiple offenses involving the same complainant including aggravated kidnapping, burglary of a habitation with intent to commit a felony, and several counts of aggravated sexual assault. Appellant requested counsel and counsel was appointed to represent him on August 10, 2015. The offenses were complicated. Numerous pretrial filings, notices of

intent to use evidence and affidavits were filed. Based on pretrial filings, the State intended to offer evidence at trial involving expert testimony, cell phone records, multiple recording devices and digital memory cards seized from appellant's residence, the audio/video recordings of the sexual assaults, sexual assault forensic evidence, DNA testing and records and medical records. The discovery log and attachments were extensive. The cases were set for jury trial on August 8, 2016 on appellant's pleas of not guilty. Counsel filed a continuance on July 7 citing the need for additional time to prepare for trial and to consult lay and expert witnesses. The motion was granted and the cases were reset for jury trial on December 12.

One week before the trial date, the State requested a continuance due to the unavailability of certain witnesses. This motion was granted and the cases were reset for jury trial on March 27, 2017. Around that time, appellant asked his attorney to file a motion to withdraw. The only basis for the motion was that appellant wished to waive his right to counsel and represent himself.

At the January 19, 2017 hearing on the motion, appellant's counsel reviewed with him the consequences and risks of self-representation. Despite the warnings, appellant stated he still wished to represent himself. Appellant wanted to be sure, however, that he would be allowed to personally question the complainant, his ex-girlfriend. The reason given was that appellant was concerned he would not be allowed to speak to her because he was under a restraining order.

The trial court questioned appellant about his education and background and spoke of the competence of the prosecutor. She noted the seriousness and extreme nature of the charges against appellant. Appellant then asked to speak to his attorney privately about a matter he wanted to bring to the court's attention because he was concerned about incriminating himself. After speaking with his attorney, appellant did not pursue the motion further and the court denied appellant's request.

Before trial, the State dismissed one of the charges of aggravated sexual assault and both the kidnapping and burglary charges. They proceeded to trial on the remaining three counts of aggravated sexual assault. Part way through the trial, after the State had presented most of its evidence, appellant again asked the court to allow him to dismiss his counsel and represent himself. Appellant stated he did not believe his counsel was representing him well because he failed to obtain copies of phone records and text messages that would show the complainant liked rough sex. The court noted the defense's first exhibit was appellant's phone records. The court further pointed out the untimeliness of the appellant's request and denied the motion.

The jury found appellant guilty of two counts of aggravated sexual assault and one count of attempted aggravated sexual assault. Punishment was assessed at forty years' confinement for each count of aggravated sexual assault and twenty years' confinement for the attempted aggravated sexual assault. This appeal followed.

In two issues, appellant challenges the trial court's denials of his requests to represent himself. Appellant contends his requests were clear and unequivocal and the waiver of his right to counsel was "intelligent, with knowledge, and competently made." Appellant contends the trial court's refusal to allow him to represent himself was a violation of his constitutional rights. *See Faretta v. California*, 422 U.S. 806, 807 (1975).

A defendant has a constitutional right to proceed without counsel if he voluntarily and intelligently elects to do so. *See Indiana v. Edwards*, 554 U.S. 164, 170 (2008). An accused's right to self-representation is not absolute, however. *See Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 161 (2000). The U.S. Constitution permits judges to take a realistic account of the particular defendant's mental capacities to determine whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. *See Ji v. State*, 316 S.W.3d 860, 862 (Tex. App.—Dallas 2010, no pet.). The court must make any necessary inquiries of the defendant,

including his education and background, to make an assessment of his knowing exercise of the right to defend himself. *See Blankenship v.* State, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984). Trial judges should not "sit idly by" and watch a defendant "participate in impending courtroom suicide." *Id.* Instead, the judge should take an active role in assessing the defendant's waiver of counsel. *Id.*

A defendant may be competent enough to stand trial but still suffer from severe mental illness to the point he is not able to conduct trial proceedings by himself. *See Cudjo v. State*, 345 S.W.3d 177, 185–86 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). The trial judge is in the best position to make the decision of whether a mentally ill defendant is competent to proceed pro se and we review the judge's ruling only for an abuse of discretion. *Id.* at 186. Mental competency is a mixed question of law and fact that turns on an evaluation of credibility and demeanor, so we must give almost total deference to the trial judge's ruling on this issue. *Id.* We view the evidence in the light most favorable to the ruling and imply any findings of fact supported by the evidence and necessary to support the judge's ruling when the judge fails to make explicit findings. *Id.* The trial judge may look to evidence in the defendant's case file when making a competency determination. *See Ji*, 316 S.W.3d at 862.

In this case, defendant's file contains abundant evidence that he was mentally ill. The file shows appellant claimed to be a psychic and that he used speech recognition software on his computer to talk with his birth mother claiming it was "like a spirit box." Ten years before the incident in question, appellant hid in his mother's closet until she came out of her bathroom. He then attacked her and tore off her clothes. When appellant suddenly stopped the attack and started crying, his mother ran away and appellant began cutting his wrists with a kitchen knife. Appellant later engaged in other violent offenses involving his ex-wife and their children. One of the assaults

was followed by another suicide attempt. He had been committed to three mental health facilities beginning at an early age and was prescribed medication but did not take it consistently.

On the day of his arrest for the charged offenses, appellant referred to himself multiple times as Christopher Forrester, an apparent alternate identity. The arresting officer stated it appeared that neither appellant nor "Chris" knew of the other's existence. While in jail, appellant tried to kill himself by wrapping his shirt around his neck and restricting his airway. Medics were called in to assess his condition and appellant continued to switch personas from himself to "Chris" and back.

Given appellant's history of significant mental illness, his limited education, and the complexity of the cases, the trial court could properly conclude appellant was incapable of carrying out the basic tasks needed to present his own defense without the help of counsel. *See Long v. State*, 525 S.W.3d 351, 370 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). Further, during the case in chief, the State offered a video recording of the three charged offenses. The video is over an hour in length and was described as depicting "very violent type activity." The 230-pound appellant attacked the complainant, pushed her onto the bed and strapped her arms and legs to the bed. Duct tape was placed over her mouth and later, a necktie was used to gag her and appellant tried to strangle her. She struggled and resisted during the assault. The focus of appellant's request to represent himself appeared to be his desire to personally question the complainant about their relationship and his assertion that she liked rough sex as a defense to the sexual assault charges. The government's interest in ensuring the dignity of the court and integrity of the trial can outweigh the defendant's interest in acting as his own lawyer. *See Martinez*, 528 U.S. at 162; *Faretta*, 422 U.S. at 834 n. 46.

Finally, at the hearing on his first motion, appellant gave no reason for his dissatisfaction with his previously requested attorney. After speaking with his counsel about self-incrimination,

he did not further urge the motion. Appellant's second motion was made well after trial in his case had begun and was, therefore, untimely. *See McDuff v. State*, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997) (right to self-representation must be asserted before jury is impaneled). Based on a review of the record, we conclude the trial court did not abuse its discretion in denying appellant's requests to dismiss his counsel and proceed pro se. We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
170352F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ADAM HARRIS MILLIGAN, Appellant

No. 05-17-00352-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-81830-2016.
Opinion delivered by Justice Francis.
Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 1, 2018.